No. 47,505

STATE OF KANSAS, *Appellee*, v. CLARENCE HAYS BANKS, *Appellant*.

(532 P. 2d 1058)

Opinion filed March 1, 1975.

*Thomas E. Ruzicka*, of Breyfogle, Gardner, Martin, Davis and Kreamer, of Olathe, argued the cause, and *John J. Gardner* of the same firm was with him on the brief for the appellant.

*Margaret W. Jordan*, district attorney, argued the cause, and *Curt T. Schneider*, attorney general, and *J. J. B. Wigglesworth* and *J. Stewart McWilliams*, assistant district attorneys, were with her on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C: Clarence Hays Banks was convicted by a jury of the offense of theft of property of more than fifty dollars. His motion for new trial was overruled, he was sentenced and now appeals.

The principal question presented relates to rulings which appellant Banks contends denied him adequate assistance of counsel—specifically the court improperly denied him a continuance of the trial to allow withdrawal of counsel and appointment of new counsel.

The complaint charged appellant and another individual with burglary and felonious theft. Thereafter, George Earnshaw, a member of the Johnson county bar, appeared at the preliminary hearing on behalf of both. Mr. Earnshaw was the second court-appointed attorney for appellant. The two persons charged were bound over for trial on both counts of the complaint. In district court appellant was granted a separate trial, which commenced on Monday, January 15, 1973. Immediately before the trial started Mr. Earnshaw requested permission to withdraw as counsel for appellant for the reason there was a conflict between his duty to defend his client and his duty as an officer of the court. Mr. Earnshaw stated appellant wanted the case tried in a different manner than counsel felt the case could be tried and that the problem had not arisen until the Friday prior to the scheduled start of the trial on Monday. In response to questioning by the court he stated that the conflict was of such nature it would arise with any other member of the bar representing appellant.

The trial court denied the request to withdraw, stating the case was the oldest on the docket, had been set on December 29, 1972, for trial January 15, 1973, and the motion was not timely made. The court also stated the request should be denied inasmuch as the same situation would arise with any other member of the bar.

Appellant addressed the court and stated he wanted counsel to withdraw because counsel refused to use a certain witness in his behalf; counsel had informed appellant he would not use the witness because he felt it would conflict with his duty as an officer of the court. The court again denied the request but indicated full inquiry into the nature of the conflict would be made at the conclusion of the case. Throughout the proceeding the trial court was careful to protect the confidentiality of the lawyer-client relation.

Thereafter trial proceeded that day with the impaneling of a jury and presentation of evidence by the prosecution. The following day, January 16, 1973, appellant refused to enter the courtroom for resumption of the trial. He was brought into the courtroom but he refused to sit down. The trial judge directed appellant be seated. He refused. The trial judge repeatedly requested appellant to be seated and twice admonished him he could be found in direct contempt of court. Appellant refused to sit and continued speaking. Eventually he was found guilty of direct contempt of court and sentenced to confinement in the county jail for thirty days. At the trial court's direction appellant was forcibly seated in a chair. The court painstakingly reviewed and explained the law applicable to the rulings it had made concerning the request for withdrawal of counsel. Appellant again stood up and refused repeated requests by the court to be seated and persisted in interrupting the court and speaking of his right to call his witness. Again appellant was adjudged in contempt of court and sentenced to an additional thirty days.

The trial judge again attempted a review of the proceedings and the law in order to explain why counsel had not been allowed to withdraw. Appellant refused to listen and persisted in interrupting. The trial judge ordered appellant gagged and then reviewed again the reasons for denial of the withdrawal request. He also cautioned appellant he would be removed from the courtroom if his disruptive behavior continued. The gag was then removed from appellant. All the foregoing occurred outside the presence of the jury.

The jury returned to the courtroom and trial proceeded. The state having completed its evidence, appellant's counsel advised the court appellant would present no evidence. Appellant then remarked to the jury that he had evidence but they wouldn't let him present it. The jury was excused from open court and again the court made a lengthy and detailed explanation of the action taken. Inquiry was made of appellant whether he would continue his disruptive behavior when the jury returned. He answered in the affirmative and was ordered removed from the courtroom. Appellant expressly stated he did not desire to remain in open court. The trial proceeded in his absence. The jury acquitted appellant of the burglary charge but found him guilty of felonious theft.

Upon the hearing of the motion for new trial further inquiry

was made into the basis of counsel's refusal to use the witness in question. Appellant's counsel stated the witness had indicated he would testify in a certain way; however, his statements were contrary to others the witness had previously made to counsel and to the police. Counsel stated that in his opinion calling the witness to the stand would violate his professional responsibility as an officer of the court and that any attorney replacing him would make the same decision; counsel believed the witness would hurt rather than help appellant and also that "His story wouldn't have been helpful no matter what his story was"; he asked appellant if he wanted him to present the motion for new trial and appellant told him to go ahead, it was nothing personal and if appellant got in trouble again "he would hire me to argue his case"; the calling of the one witness was the only conflict. The trial court denied the motion for new trial and this appeal ensued.

Appellant contends the trial court erred in not permitting his court-appointed attorney to withdraw and in not permitting a continuance so another attorney could be appointed, thus allowing appellant to have "the opportunity to call an alibi witness".

The conflict between appellant and his court-appointed attorney arose solely because the latter chose not to call a certain witness. Counsel indicated calling the witness would violate his professional responsibility as an officer of the court and that any attorney replacing him would make the same decision; also that calling the witness would hurt rather than help appellant.

An indigent criminal defendant has a right to be represented by counsel; however, he does not have right to be represented by a particular lawyer (*State v. Walker,* 202 Kan. 475, 449 P. 2d 515). An indigent criminal defendant may not demand a different appointed lawyer except for good cause (*United States v. Young,* 482 F. 2d 993 [CA 5]). As a general rule whether the dissatisfaction of an indigent accused with his court-appointed counsel warrants discharge of that counsel and appointment of new counsel is for the trial court, in its discretion, to decide (*State v. Walker,* supra).

In *United States v. Young,* supra, it is stated:

"In order to warrant a substitution of counsel during trial, the defendant must show good cause, such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict which leads to an apparently unjust verdict. [Citations] If a court refuses to inquire into a seemingly substantial complaint about counsel when he has no reason to suspect the bona

fides of the defendant, or if on discovering justifiable dissatisfaction a court refuses to replace the attorney, the defendant may then properly claim denial of his Sixth Amendment right. [Citation] In the absence of a conflict which presents such a Sixth Amendment problem, the trial court has discretion to decide whether to grant a continuance during the course of trial for the substitution of counsel, and that decision will be reversed only if the court has abused its discretion." (p. 995.)

As long as the trial court has a reasonable basis for believing the attorney-client relation has not deteriorated to a point where appointed counsel can no longer give effective aid in the fair presentation of a defense, the court is justified in refusing to appoint new counsel (*State v. Henderson*, 205 Kan. 231, 468 P. 2d 136).

The ABA Standards, The Defense Function § 5.2 (1971) provide:

"(*c*) If a disagreement on significant matters of tactics or strategy arises between the lawyer and his client, the lawyer should make a record of the circumstances, his advice and reasons, and the conclusion reached. The record should be made in a manner which protects the confidentiality of the lawyer-client relation."

Prior to the selection of the jury counsel requested permission to withdraw and explained the reasons for the request as clearly as he felt possible without violation of the lawyer-client privilege. The court made inquiry into the nature of the problem. The appellant then chose to explain the exact nature of the conflict, *i. e.*, counsel would not call a certain witness. The trial court believed, due to the nature of the problem, that the same conflict would arise with any newly appointed counsel and the request was denied.

The code of professional responsibility provides that a lawyer shall not knowingly use perjured testimony nor participate in the creation or preservation of evidence when he knows or it is obvious that the evidence is false (214 Kan. lxxxvii; see also *State v. Henderson*, supra). Thus, there was a legitimate basis for counsel's refusal to call the witness and the same conflict could have been precipitated by appellant with respect to new counsel who might have been appointed.

Appellant's dissatisfaction related solely to counsel's refusal to call the witness; otherwise there was no dissatisfaction with counsel's representation. Since the court's inquiry had elicited the fact that the same conflict quite probably would arise with any other counsel and appellant had no other objections to counsel's representation, the court properly concluded that the attorney-client relationship had not deteriorated to the point where counsel could

no longer give effective aid in the fair presentation of a defense.

Aside from the foregoing, it is within the province of the lawyer to determine what witnesses to call. In *State v. Hazlewood,* 209 Kan. 649, 498 P. 2d 607, it was contended the court erred in refusing to permit court-appointed counsel to withdraw because of an alleged conflict of interest. The asserted conflict arose from the refusal of counsel to call certain witnesses. The court found no merit to the assertions, saying:

> "An attack by an indigent defendant upon his court-appointed counsel in the trial of a criminal action and a subsequent attempt by court-appointed counsel to withdraw on the ground of 'conflict of interest' are unavailing, where the record discloses court-appointed counsel competently represented the defendant in the criminal action, and there was no actual conflict of interest." (Syl. ¶ 4.)

In *Winter v. State,* 210 Kan. 597, 502 P. 2d 733, we held:

> "In the conduct of the defense of a criminal case the technical and professional decisions, which require trained professional skill and judgment, must rest with the lawyer. The decisions on *what witnesses to call,* whether and how to conduct cross-examination, what jurors to accept or strike, what trial motions should be made, and all other strategic and tactical decisions are the exclusive province of the lawyer after consultation with his client." (Syl. ¶ 2.) (Emphasis supplied.)

See also ABA Standards, The Defense Function § 5.2 (*b*) (1971).

Appellant argues the cumulative effect of refusal to appoint a new attorney was to deny him adequate assistance of counsel. However, counsel represented appellant in such a manner he was ultimately found not guilty on one of the charges. At the hearing on the motion for new trial the trial court commented that Mr. Earnshaw had vigorously defended appellant's rights and the case was well tried. In *Winter v. State,* supra, the general rule is stated:

> "The adequacy and effectiveness of an attorney's services on behalf of an accused in a criminal action must be gauged by the actual representation afforded the accused in its totality. To be a denial of an accused's constitutional rights it must clearly appear that the representation of the accused was wholly ineffective and inadequate. The burden is on the petitioner to show the representation by his attorney was so incompetent and inadequate that the total effect was that of a complete absence of counsel." (Syl. ¶ 4.)

Here appellant's attorney obviously believed the prospective witness was going to commit perjury and further believed the testimony would harm rather than help his client. This is not conflict of interest presenting constitutional denial of the right to the effective assistance of counsel. The trial court did not abuse sound discretion in the rulings complained of.

Finally, appellant contends the trial court "erred in not instructing the jury that the fact defendant was removed from the courtroom for destructive conduct during the trial should not be considered in determining the guilt or innocence of the defendant". The point has no merit. The court did tell the jury appellant had elected not to remain in the courtroom and it gave the following instruction:

"No. 8A. You are instructed that any disruptive conduct of the defendant occurring during the trial of this proceeding cannot be considered by you in determining the guilt or innocence of the defendant."

The instruction adequately safeguarded appellant's rights and from any standpoint cannot be said to be improper. The trial court acted as it did only after meticulously, patiently and repeatedly explaining appellant's rights and responsibilities, the reasons for the actions taken and the consequences of appellant's further misconduct. Its actions in gagging appellant and eventually removing him from the courtroom for repeated disruptive behavior were within the guidelines prescribed by *Illinois v. Allen*, 397 U. S. 337, 25 L. ed. 2d 353, 90 S. Ct. 1057, reh. den. 398 U. S. 915, 26 L. ed. 2d 80 90 S. Ct. 1684, and there is no contention to the contrary. We find nothing in the record to warrant disturbing the judgment and it is affirmed.

APPROVED BY THE COURT.