[Crim. No. 32716. Second Dist., Div. Four. Dec. 1, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
BARRY JOHN HALL, Defendant and Appellant.

## Counsel

Dennis L. Cava, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Norman H. Sokolow and Howard J. Schwab, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

ALARCON, J.—In an information filed by the District Attorney's office of Los Angeles County, appellant was charged with ten counts of forgery in violation of section 470 of the Penal Code and two counts of issuing a check without sufficient funds in violation of section 476a of the Penal Code. The public defender was appointed to represent defendant, and defendant entered a plea of not guilty to all counts.

Defendant was tried by a jury as to the 10 counts of forgery (counts XI and XII having been dismissed on motion of the prosecutor) and was found guilty on all counts. He appeals from his judgment of conviction.

### Defendant's Contentions on Appeal

(1) Appellant was deprived of his constitutional right to the effective assistance of counsel because the trial court denied his motion to relieve the public defender and appoint "state-appointed counsel" under the erroneous assumption that the court did not have the capacity to appoint "state-appointed counsel."

(2) ■ Appellant was deprived of his constitutional right to represent himself because of the trial court's denial of his motion for a 30-day continuance.

For the reasons set forth in this opinion, we agree with appellant's second contention: the trial judge's denial of defendant's request for a 30-day continuance to prepare for trial effectively denied his motion for self-representation. However, such a denial was a proper exercise of the trial court's discretion, and thus no error occurred.

### Statement of the Facts

Defendant was arraigned, and the public defender appointed to represent him on October 4, 1977. The case was originally set for trial on November 16, 1977. Thereafter, on defense motion, the trial was continued five times. On December 21, 1977, defendant withdrew his not guilty plea and entered a plea of guilty to all 12 counts. On January 20, 1978, at the probation and sentence hearing, defendant was allowed to withdraw his plea of guilty and reenter his not guilty plea. Trial was set for January 27, 1978. Commencing January 27, the matter was trailed from day to day, due to court congestion, until February 17, 1978. On that day, the last day on which defendant could be brought to trial under Penal Code section 1382, absent a waiver of his right to speedy trial, the matter was transferred to department South-B "forthwith" for trial. In that department, defendant moved for "state-appointed counsel" in place of the public defender, which motion was denied.

Defendant then moved for the right to represent himself. The trial judge explained to the defendant the dangers and disadvantages of self-representation, and questioned the defendant concerning his capacity

to waive counsel. The trial judge then stated: "All right, sir. We have no choice in the matter but to permit him to under those circumstances, with full knowledge of his incapacity or his inability and lack of experience and training . . . the defendant being aware of the consequences, that is about the limit. The public defender will be discharged. The defendant can represent himself."

Defendant then moved for a 30-day continuance to allow him to prepare for trial. Following a discussion concerning the lateness of the request and the need for such a lengthy delay, the trial judge granted defendant a continuance of 11 days, and informed defendant that no further continuances would be granted.

The defendant responded, "Well, I can't hope to prepare in that length of time, so obviously I will have to accept counsel back." The court then reappointed the public defender, who represented defendant throughout the ensuing trial.

The record reflects that, throughout the discussion between defendant and the court concerning defendant's request for a 30-day continuance, the court was attempting to persuade defendant to change his mind and accept counsel. It appears that the granting of such a short delay, over defendant's insistence that he could not prepare for trial within that period, was part of the trial court's efforts to convince defendant that he should not represent himself at trial. That these efforts were successful is reflected in the defendant's grudging acceptance of counsel quoted above.

During the discussion on the motion for continuance, the court asked the defendant: "Do you realize you have to go to trial at my discretion, not when you think you are ready? . . . Do you still persist in my discharging the public defender? . . . The court has discretion to force you to trial right now this minute. Do you understand that? . . . I will permit you, unless you ask me to put the public defender back on your case, to have a one-week's continuance and that is all and I will not grant you a further continuance because you want counsel next week. Do you understand that? . . . Now do you want to change your mind about a lawyer? . . . Now do you want to back up and take the public defender as your attorney?"

The defendant ultimately responded: "Your Honor, it appears that I have no choice as it's completely obviously [sic] that seven days is not enough time to prepare a defense." The court answered: "That's right."

*The Trial Court's Denial of Defendant's*
*Request for a 30-day Continuance Was*
*Tantamount to a Denial of His Request*
*That He Be Allowed to Represent Himself*

Appellant contends that under *Faretta* v. *California* (1975) 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525] he had a constitutional right to represent himself, and that the trial judge's conduct amounted to a denial of that absolute right. The record indicates that the trial judge apparently believed at the outset of defendant's motion that the right was absolute, since he indicated, at the time the motion was granted, that he had "no choice in the matter." However, thereafter, and during the argument on the motion for continuance, the prosecutor pointed out to the court that there were recent California decisions indicating that the court had discretion to deny the motion unless it were timely made. The prosecutor pointed out to the court that the case had been announced ready and that the parties were "about to pick a jury."

█ The cases to which the prosecutor brought the court's attention were undoubtedly *People* v. *Windham* (1977) 19 Cal.3d 121 [137 Cal.Rptr. 8, 560 P.2d 1187], and its progeny. In *Windham,* the Supreme Court concluded that a defendant's right to self-representation is not unlimited unless asserted in a timely manner. The court held that, under *Faretta* v. *California, supra,* if the defendant makes his election to proceed in propria persona within a reasonable time prior to the commencement of trial, the court is compelled to grant the right so long as the election is free, voluntary, and intelligent. However, if the election is not timely, the defendant's right to proceed in propria persona is no longer absolute. Thereafter, it is within the discretion of the trial court whether to grant or deny the defendant's untimely motion.

Since we have concluded that the conduct of the trial judge amounted to a denial of defendant's request for self-representation, the issue to be determined is whether the request was made "within a reasonable time prior to the commencement of his trial." (*People* v. *Harris* (1977) 73 Cal.App.3d 76, 81 [140 Cal.Rptr. 697].) If it was, the judge erred in denying the motion. If it was not, then we need only determine whether the judge's exercise of discretion was proper.

█ In *People* v. *Windham, supra,* the defendant's motion for self-representation was made during the course of the trial. Its ruling, then, that the request was untimely, does not resolve the issue presented in this

case, where the request was made on the date trial was set to begin, before a jury was selected. However, in a footnote in the *Windham* opinion, the Supreme Court discussed this eventuality, as follows: "Our imposition of a 'reasonable time' requirement should not be and, indeed, must not be used as a means of limiting a defendant's *constitutional* right of self-representation. We intend only that a defendant should not be allowed to misuse the *Faretta* mandate as a means to unjustifiably delay a scheduled trial or to obstruct the orderly administration of justice. For example, a defendant should not be permitted to wait until the day preceding trial before he moves to represent himself and requests a continuance in order to prepare for trial without some showing of reasonable cause for the lateness of the request. In such a case the motion for self-representation is addressed to the sound discretion of the trial court . . . ." (*People* v. *Windham, supra,* 19 Cal.3d at 128, fn. 5.)

This language, although dictum, indicates that the Supreme Court believes that a motion made the day *before* trial begins, need not necessarily be granted, but is addressed to the discretion of the trial judge. In the instant case, the motion was made the morning that trial was scheduled to begin. As previously noted, the case was sent out to a trial court for trial "forthwith"; the prosecutor stated he was ready to pick a jury, and the defense attorney noted, when asked if he had witnesses in the courtroom, "None today. I assumed we would be picking a jury." The motion, then, was made at the last possible moment before trial began.

Our research has disclosed no cases discussing the fact situation presented here, where neither jury selection nor any portion of the trial had yet begun when the motion for self-representation was made. We are guided, however, by the foregoing footnote in *Windham* and by dictum in *People* v. *Potter* (1978) 77 Cal.App.3d 45 [143 Cal.Rptr. 379]. In that case, defendant, on the morning set for trial, before trial began, made a motion to have the public defender removed as his attorney. The trial court's denial of that motion was upheld on appeal. The defendant argued on appeal that the trial court should have understood that the defendant was making a motion to be allowed to represent himself, and that, therefore, it was mandatory that it be granted. The *Potter* court said, at page 50; ". . . the record reflects no unequivocal expression of desire to appear as his own attorney. Moreover, the claimed assertion of the right of self-representation did not come 'within a reasonable time prior to the commencement of trial.' (See *People* v. *Windham* (1977) 19 Cal.3d 121, 128. . . .) Thus, there was no deprivation of Sixth Amendment right."

We likewise conclude that defendant's request was not made within a reasonable time prior to the commencement of trial. He therefore did not have an absolute right to represent himself. We proceed to determine whether the trial court abused its discretion in denying his motion.

The *Windham* court at page 128 set out the factors which should be considered by a trial court when confronted with an untimely request that a defendant be allowed to discharge his attorney and proceed in propria persona. The court should weigh the reasons for the request, the quality of counsel's representation, the length and stage of the proceedings, the disruption and delay which might be expected if the request is granted, and defendant's prior proclivity to substitute counsel.

With the exception of the last factor, about which we have no information, the trial judge satisfied himself concerning all of the foregoing matters, and created an adequate record for appellate review. In response to inquiry from the trial court, the defendant explained that he wanted the public defender removed from the case because of his [defendant's] belief that the "extremely heavy workload of the public defender's office would preclude Mr. Concha from adequately representing me." The court was informed by the public defender that he was ready to try defendant's case, and would give it first priority over his other pending matters. The trial court observed that the public defender in question was a lawyer who was very highly regarded because of his ability. Further, the record clearly reflects defendant's insistence that a delay of 30 days was required in order to allow him to prepare for trial. It is also evident from the record that at no time during the three-month period that the matter was pending trial did defendant move to have his lawyer removed from the case.

In reviewing a trial court's exercise of discretion in a motion for self-representation, "[t]he prejudice to defendant's legitimate interests must outweigh the potential disruption of the proceedings, 'and considerable weight is to be given the trial court's decision.' (*United States* v. *Denno, supra,* as cited in *People* v. *Windham, supra.*)" (*People* v. *Harris, supra,* 73 Cal.App.3d at p. 81.)

In the instant case, we believe that the trial judge acted well within his discretion in denying defendant's late motion. The reasons stated by defendant in support of the motion were not borne out by his attorney; the matter was ready for immediate trial, and considerable delay and disruption would have resulted had the motion been granted.

There was, therefore, no error committed by the trial court in denying defendant's motion.

### Request for State-appointed Counsel

■ Appellant contends that, although a decision to allow a defendant to have new and different counsel appointed is within the discretion of the trial court, in this case, the trial judge did not exercise any discretion in denying the request. In support of this proposition, appellant quotes from the trial judge's refusal, as follows: "We don't have the capacity to appoint State-appointed counsel, whatever that means. I don't know what that means, but if the public defender is available, we must, if you want counsel, appoint the public defender. So that application must be denied since the public defender holds himself in readiness to represent you."

The fallacy in appellant's argument is that under the facts of this case, the trial judge correctly stated the law: he did not have capacity to appoint other counsel for defendant. Penal Code section 987.2 provides that the court may appoint, at public expense, private counsel to represent an indigent defendant " . . . in a case in which the court finds that because of conflict of interest or other reasons the public defender has properly refused to represent the person accused, . . ." In this case, following defendant's motion, the court inquired of the public defender: "Do you have any problems about devoting yourself to this case while it is on trial?" The public defender answered that he did not. The court asked: "You have no other commitments but this case during trial?" Mr. Concha: "Well, I do have other commitments, but obviously this case would come first."

The only reason given by defendant for the requested change of counsel was his fear that the public defender was too busy to handle his case, which had "become extremely complicated."

Upon determining that defendant's fears were groundless, the trial court had no authority to remove the public defender and appoint other public-funded counsel in his place. The cases cited by appellant are those in which the trial court made little or no inquiry into the reasons for the request or the validity of those reasons. (See, e.g., *People* v. *Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44]; *People* v. *Lewis* (1978) 20 Cal.3d 496 [143 Cal.Rptr. 138, 573 P.2d 40].) They have no application to the facts of this case where adequate inquiry was made.

In *In re J. G. L.* (1974) 43 Cal.App.3d 447, 451 [117 Cal.Rptr. 799], the court analyzed the effect of Penal Code section 987.2 on a request such as the one at bar, and stated: " . . . it does represent a firm legislative policy that the public defender shall be used unless for a good reason he refuses to represent the individual involved. . . . Following this principle a line of authority has developed to the effect that a defendant does not have the right to any particular attorney, that his refusal to be represented by the public defender does not entitle him to the appointment of private counsel and that a difference of opinion by the public defender and his client does not entitle the client to the appointment of private counsel. [Citations.]"

The court's order denying defendant's request for "state-appointed counsel" was a proper one under the law, and no error occurred.

The judgment is affirmed.

Files, P. J., and Kingsley, J., concurred.