(681 P.2d 687)
No. 56,079

STATE OF KANSAS, *Appellee*, v. CARL S. HOLLINS, *Appellant*.

Opinion filed May 24, 1984.

*Richard Sanborn,* of Wichita, for appellant.

*James D. Hall,* assistant district attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before ABBOTT, P.J., MEYER, J., and RICHARD W. WAHL, District Judge assigned.

WAHL, J.: The defendant, Carl S. Hollins, appeals a conviction of felony theft. On September 20, 1980, the defendant rented a white Oldsmobile Delta 88 from U-Drive-It Systems in Wichita. The car's vehicle identification number was 3N69R8X115813. The value of the car was well over $100.00. The defendant agreed to return the vehicle in four days, but he did not return the car at all and criminal charges were filed on November 14, 1980.

The defendant was not found until February 5, 1983, when a

Selma, Alabama, police officer stopped him for erratic driving. The defendant was arrested for driving while intoxicated, and his vehicle, a white Oldsmobile Delta 88, identification number 3N69R8X115813, was impounded by the police.

Before trial, the defendant provided a handwriting sample, and at the trial a handwriting expert testified that the defendant had also signed the rental agreement in September, 1980. The jury found the defendant guilty and the defendant appeals, claiming three areas wherein the trial court erred.

The defendant contends that when the trial court refused to discharge his counsel, the defendant was denied his right to self-representation. The contention is without merit.

At the beginning of the preliminary hearing the defendant expressed dissatisfaction with his attorney as follows: "Mr. Underwood (*sic*) has been quite busy here as of late, and I feel that he's been a little bit too busy. . . . I feel that this Court would be more than fair with me and Mr. Underwood can go on about his other business. He's quite busy and he's too busy for me, to talk to me really, so I feel that the Court would be more than fair with me. . . . I haven't had any chance to talk to Mr. Underwood. I talked to Mr. Underwood maybe one time for a very short time and it's been quite some time ago, sir, and I'm sorry, I just haven't been able to say anything to him, and, well, he is quite busy . . . ." The Court refused to discharge defendant's counsel and inquired if the defendant wished to talk to his attorney before proceeding with the hearing. The defendant replied, "I need to talk to someone." The Court then granted a recess to permit the defendant and his attorney to discuss the case. After the recess, the defendant continued to express dissatisfaction with his attorney's handling of the case. The Court did not discharge Mr. Underhill, who continued to represent the defendant through the trial. On the day of the trial, the defendant again expressed dissatisfaction with his attorney and demanded a different attorney. The Court denied the request and the case went to trial.

The constitutional right to self-representation was first recognized in *Faretta v. California,* 422 U.S. 806, 45 L.Ed.2d 562, 95 S.Ct. 2525 (1975). The United States Supreme Court held that a defendant who clearly and unequivocally expresses a wish to proceed pro se has the right to represent himself after a knowing

and intelligent waiver of his right to counsel. A knowing and intelligent waiver requires that the defendant be informed of "the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" 422 U.S. at 835.

The courts must indulge "every reasonable presumption against waiver" of the right to counsel, and will "not presume acquiescence in the loss of fundamental rights." *State v. Carlin,* 7 Kan. App. 2d 219, 640 P.2d 324, *rev. denied* 231 Kan. 801 (1982).

In *Brown v. Wainwright,* 665 F.2d 607 (5th Cir. 1982), the Court analyzed the right to self-representation and its converse, the right to counsel. The Court noted that while the right to counsel remains in force unless affirmatively waived, the right of self-representation does not attach unless asserted. A defendant can assert the right to self-representation only by waiving the right to counsel, and, unlike the right to counsel, the right to self-representation can be waived by mere failure to assert it.

A defendant's assertion of the right to self-representation must be clear and unequivocal. *State v. Irving,* 231 Kan. 258, 644 P.2d 389 (1982). In *Moreno v. Estelle,* 717 F.2d 171, 176 (5th Cir. 1983), the Court held: "[A] defendant's request to be relieved of counsel in the form of a general statement of dissatisfaction with his attorney's work does not amount to an invocation of the *Faretta* right to represent oneself."

Here, the defendant expressed dissatisfaction with his attorney. He did not request different counsel, saying that he believed that the court would treat him fairly. Defendant made no demand for self-representation. Although he later expressed dissatisfaction with his counsel, he demanded a new attorney, not the right to represent himself. The defendant did not clearly and unequivocally assert his right to represent himself. By his actions and by his statements, the defendant waived his right to self-representation by failing to assert it.

The defendant argues that the trial court should have granted his motion for acquittal because there was insufficient evidence that the vehicle he was driving in 1983 was the one he had rented in 1980.

A court should enter a judgment of acquittal only if "the evidence is insufficient to sustain a conviction" of the crime

charged. K.S.A. 22-3419(1). In deciding a motion for acquittal, a trial judge must "determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact therefrom, a reasonable mind, or rational trier of facts, might fairly conclude guilt beyond a reasonable doubt." *State v. Tillery,* 227 Kan. 342, 345, 606 P.2d 1031 (1980).

Although evidence that the defendant was still driving the rented car was important to show intent to permanently deprive the owner, it was not essential for conviction. Intent can be inferred from the circumstances and the defendant's actions. *State v. Stringfield,* 4 Kan. App. 2d 559, 608 P.2d 1041, *rev. denied* 228 Kan. 807 (1980). Here, there was evidence that the defendant rented a car in 1980 for four days, did not return it at the end of the rental period, and disappeared with it for two and a half years. Even without evidence that he still possessed the rented car, a jury could reasonably have found the required intent.

In any event, there was abundant evidence that the vehicle which the defendant was driving in Alabama was the one he rented in Wichita. The vehicle identification number on the vehicle matched the certificate of title held by U-Drive-It. The manager of U-Drive-It testified that 1978 Oldsmobiles carried the identification numbers on the door and frame. The Selma police officer photographed the identification number on the dashboard of the car that the defendant was driving and defendant argues that it could not then be the same car. The manager also testified that he did not know all of the places where the vehicle identification number might be found. The defendant's argument simply challenges the weight of the evidence and fails for that reason.

The evidence was sufficient to sustain the conviction and the trial court did not err in denying the defendant's motion for acquittal.

The defendant also argues that the trial court erred in denying his motion for a new trial. In support of this contention, he proffers the same arguments raised in his other issues. As previously stated, the arguments fail.

The judgment of the trial court is affirmed.