(847 P.2d 1334)

No. 67,871

STATE OF KANSAS, *Appellee,* v. MICHAEL LOWE, *Appellant.*

—

Opinion filed March 5, 1993.

*M. Kristine Paredes,* assistant appellate defender, and *Jessica R. Kunen,* chief appellate defender, for the appellant.

*David Lowden,* assistant district attorney, *Nola Foulston,* district attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before BRISCOE, C.J., BRAZIL, J., and JAMES J. NOONE, District Judge Retired, assigned.

BRISCOE, C.J.: Michael A. Lowe was convicted of two counts of aggravated robbery (K.S.A. 21-3427) and one count of aggravated battery (K.S.A. 21-3414). Lowe appeals, contending he was de-

nied his right to self-representation and that the trial court erred in not properly instructing the jury.

Prior to commencement of trial, the following colloquy occurred between Lowe and the court:

"THE COURT: Mr. Lowe, come over here, I'll tell you what we're doing. Right there by your lawyer is okay. Let me tell you what's going on here.

"I have not been a party to any of the discussions. I understand there was a considerable plea negotiation and that has broken down, is the only word to say for it, to a place where you won't go any further, the D.A. won't go any further and your lawyer advises me that you don't feel comfortable with her representing you.

"We've had some other lawyers talk and she made a motion to first of all, let her out of the case. I wouldn't let her. She said you wanted to represent yourself, which I need to bring you in here and tell you what the law is on that.

"The only way I can do that is if I make a finding that it would not be of benefit to you to have a lawyer in the case, is the only way that I can let you be your own lawyer.

"I've never been a defendant in a case. I've been a lawyer in a case; I've been a judge in a case. I tell you, you don't want to try to undertake that yourself, when you are so close to it, when you are the defendant.

"I've tried a number of defendants and you are better off letting the lawyer make the legal decisions. Whether you enter a plea or not or that sort of matter, that's up to you; your lawyer doesn't have nothing to say about that. But where to stand and, oh, legal things I'm talking about, you know, how to make a legal argument on whether a piece of evidence is permissible or not, you are better off with a lawyer, I'm telling you.

"Another thing, you have a right to be in your proper clothes in your case. Your lawyer told me you wouldn't say one way or the other. We have a suit of clothes. I'll get those. We have those up here. We'll let you go to the library, jury room, put on your proper clothes. You don't have to. That's up to you.

"Another reason I moved up here from my courtroom is that holding cell is wired for sound. If you participate—you don't have to—but you can hear everything going on from back there.

"It's your case. I'm not trying to tell you what to do about it. I want to make sure that you know what's going on. If you want a trial, that's what we'll do right here this afternoon. We want to do everything right and proper and participate in it, being it's your case.

"Do you understand where you are at?

"What did you want to do?

"THE DEFENDANT: I want a trial.

"THE COURT: Did you want to be out here?

"THE DEFENDANT: Yeah.

"THE COURT: Do you want to put on your civilian clothes?

"THE DEFENDANT: No.

"THE COURT: Okay. Now, when the people see—there's been so much publicity on the orange jumpsuits—they'll know where you are at. I'll tell the jury that they may not consider that, that has nothing to do with anything. If they consider the fact that you are in that orange jumpsuit, they are acting improperly. I'll tell them that but it's whatever you want to do as far as dress.

"THE DEFENDANT: I'm fine like this.

"THE COURT: You want to wear your orange jumpsuit?

"THE DEFENDANT: Yes.

"THE COURT: I advise you again you don't have to. I advise you to please listen to your lawyer. She has your best interests at heart, no matter what you think right now. I understand this is a very tense moment. It's a rough case but your lawyer cares a lot about helping people. I've seen her try other cases. She's a good lawyer. I wouldn't be afraid to have her represent me if I was in your shoes.

"Do you have any questions whatsoever about what's going on? Do you understand what you are charged with?

"THE DEFENDANT: (Indicating affirmatively.)

"THE COURT: You are ready to go forward?

"THE DEFENDANT: (Indicating affirmatively.)

Lowe contends the trial court violated his right to represent himself by misstating the law concerning self-representation and by insisting that Lowe be represented by counsel. As noted by the parties, denial of a defendant's right to self-representation is not subject to the harmless error rule. See *McKaskle v. Wiggins*, 465 U.S. 168, 177, n.8, 79 L. Ed. 2d 122, 104 S. Ct. 944 (1984).

In *Faretta v. California*, 422 U.S. 806, 45 L. Ed. 2d 562, 95 S. Ct. 2525 (1975), the United States Supreme Court recognized a defendant's right to represent himself. The United States Supreme Court held that a defendant who clearly and unequivocally expresses a wish to proceed pro se has the right to represent himself after a knowing and intelligent waiver of his right to counsel. A knowing and intelligent waiver requires that the defendant be informed of "the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.' " 422 U.S. at 835.

Because the right to proceed pro se is at odds with the right to be represented by counsel, "[t]he courts must indulge 'every reasonable presumption against waiver' of the right to counsel, and will 'not presume acquiescence in the loss of fundamental

rights [*i.e.*, the right to counsel].' " *State v. Hollins,* 9 Kan. App. 2d 487, 489, 681 P.2d 687 (1984) (quoting *State v. Carlin,* 7 Kan. App. 2d 219, 640 P.2d 324, *rev. denied* 231 Kan. 801 [1982]). "[U]nlike the right to counsel, the right to self-representation can be waived by mere failure to assert it." *Hollins,* 9 Kan. App. 2d at 489. In order to assert the right to self-representation, a defendant must clearly and unequivocally express a wish to proceed pro se. *Faretta,* 422 U.S. at 835; *Hollins,* 9 Kan App. 2d at 489. " '[A] defendant's request to be relieved of counsel in the form of a general statement of dissatisfaction with his attorney's work does not amount to an invocation of the *Faretta* right to represent oneself.' " *Hollins,* 9 Kan. App. 2d at 489 (quoting *Moreno v. Estelle,* 717 F.2d 171, 176 [5th Cir. 1983], *cert. denied* 466 U.S. 975 [1984]).

In the present case, Lowe's counsel informed the court that Lowe wanted to represent himself. The State argues defense counsel's assertion of the right to self-representation on Lowe's behalf is insufficient to invoke Lowe's right to represent himself. From the record, it appears Lowe's desire to represent himself was made clear to his attorney and Lowe's attorney repeated that request to the court in Lowe's presence. This assertion of the right to self-representation was adequate to convey to the court Lowe's present desire to represent himself. The court understood that Lowe was asserting his right to self-representation and acted accordingly by proceeding to advise Lowe concerning the dangers inherent in self-representation.

The State concedes the court's response to Lowe's assertion of his right to self-representation was an erroneous statement of the law. The court responded to Lowe's request with the following statement: "The only way I can do that is if I make a finding that it would not be of benefit to you to have a lawyer in the case, is the only way that I can let you be your own lawyer." Whether a lawyer could better represent Lowe is not the question for the court to decide. In *State v. Buckland,* 245 Kan. 132, 138, 777 P.2d 745 (1989), the Kansas Supreme Court reiterated the American Bar Association Standards Relating to the Function of the Trial Judge § 6.6, which states that the court's inquiry should show that the defendant

" '(i) has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;

" '(ii) possesses the intelligence and capacity to appreciate the consequences of this decision; and

" '(iii) comprehends the nature of the charges and proceedings, the range of permissible punishments, and any additional facts essential to a broad understanding of the case."

The court went on to counsel Lowe regarding, among other things, the importance of having representation. Such counseling is consistent with the requirement that, prior to asserting a right to proceed pro se, a defendant must make a knowing and intelligent waiver of the right to counsel. *Faretta,* 422 U.S. at 835; *State v. Cunningham,* 222 Kan. 704, 706-07, 567 P.2d 879 (1977). However, when all of the court's statements are reviewed, we cannot conclude Lowe made a knowing and intelligent decision regarding his right to represent himself. The court specifically stated that Lowe would be better off with counsel and, after explaining the pitfalls of self-representation, did not give Lowe the opportunity to state whether he wanted to represent himself. When the court's statements and actions are viewed *in toto,* there is the danger that Lowe understood not only that his request had been denied, but also that there was no possibility the court would allow him to represent himself.

In *Faretta,* the court provided general concepts to guide a trial court when determining a defendant's request to represent himself or herself. Before permitting a defendant to proceed pro se, the court must be satisfied that the defendant is making a knowing and intelligent waiver of the right to counsel. In order to make that determination, the court must first make the defendant aware of the dangers and disadvantages of self-representation. In Barbara, Kansas Criminal Law Handbook, pp. 11-10, 11-11 (1992), the following procedure has been recommended for trial courts when responding to a defendant's assertion of a right to self-representation in a criminal case:

"The judge should inform the defendant:

"1. That at any time he or she could change his or her mind and retain counsel to represent him or her or petition the court for appointment of counsel to represent him or her [to] assist with his or her defense.

"2. That no postponement would be permitted at any time during the proceeding for the reason that counsel was newly brought into the case.

"3. That the court may and will terminate self-representation if the defendant deliberately engages in serious and obstructionist misconduct before the court or in any proceeding.

"4. That the court [considers] it detrimental for the defendant not to accept or employ counsel to represent him or her.

"5. That if the defendant is allowed to represent himself or herself, he or she must follow all legal rules applicable to the trial of any criminal action.

"6. That there are numerous dangers and disadvantages to self-representation, including the following:

(a) The law provides for numerous pretrial motions available to the defendant, which are of a technical nature, the advantage of which the defendant would lose if allowed to represent himself or herself;

(b) The defendant's vocabulary may impede clear communication with the court and opposing counsel;

(c) Judges will not act on behalf of a defendant in asserting objections or making appropriate motions where ordinarily it is the duty of counsel to call such matters to the court's attention;

(d) The district attorney will not assist in the defense of the case;

(e) The rules of law are highly technical and will not be set aside in view of his or her status;

(f) A defendant may waive constitutional, statutory, and common law rights unknowingly;

(g) If the defendant is in custody, it is difficult for a defendant in custody to locate witnesses, interview them, prepare subpoenas, and have them served.

"7. The maximum sentence for the offense is _____.

"After receiving the defendant's responses, the court must make findings that the defendant understood the nature of the questions and statements of the court, and that he or she has made a knowing and intelligent waiver of counsel and a knowing and intelligent decision to represent himself or herself. The court should then allow the defendant to appear without counsel.

"In some instances, the court may provide counsel for the defendant only for purposes of giving advice to the defendant, if the defendant expressly requests it. Counsel will sit with the defendant throughout the trial, but will not participate without the express request of the defendant or by order of the court, if the court first determines that the defendant is not competent nor qualified to continue with his or her own defense."

In the procedure described, the court is to make a finding that the defendant has made a knowing and intelligent waiver of counsel and a knowing and intelligent *decision* to proceed pro se. To make that finding, the court must at some point ask defendant, after all dangers and disadvantages of self-representation have been explained, whether defendant still wants to proceed pro se.

In the present case, the court touched on areas relevant to informing Lowe of the dangers and disadvantages of self-representation but, following that explanation and before continuing with the trial, the court failed to ask Lowe if he still wanted to proceed pro se. Defendant was not afforded the opportunity to make the choice described in *Faretta* between proceeding with counsel or proceeding pro se.

The State argues Lowe waived his right to represent himself by failing to reassert his right to self-representation and by allowing counsel to continue to represent him when the proceedings continued. In *McKaskle*, 465 U.S. at 183, the Supreme Court noted that "[o]nce a pro se defendant invites or agrees to any substantial participation by counsel, subsequent appearances by counsel must be presumed to be with the defendant's acquiescence, at least until the defendant expressly and unambiguously renews his request that standby counsel be silenced." In *McKaskle*, the defendant asserted his right to proceed pro se, but then requested counsel's help in questioning a witness. The defendant also acquiesced in some of the motions made by counsel while objecting to others.

We find no waiver of the right to self-representation in the present case. Here, Lowe did not invite counsel's subsequent participation. At most, he allowed counsel to continue without reasserting his request to represent himself. After the court had explained some of the pitfalls of self-representation, Lowe was not given the opportunity to state whether he wanted to represent himself before counsel continued her representation of Lowe. In this context, Lowe could have believed the court had denied his request and there was nothing more he could do. In *Orazio v. Dugger*, 876 F.2d 1508, 1512 (11th Cir. 1989), the court held that, once a request to proceed pro se has been conclusively denied, a defendant is not required to continually reassert the right to self-representation to avoid a waiver of the previously invoked right.

Lowe contends the district court erred by failing to give a cautionary instruction concerning the factors to be considered in weighing the reliability of eyewitness identification testimony.

Both parties recognize that defense counsel failed to object at trial to jury instruction 4 or otherwise object to the court's failure to instruct on PIK Crim. 2d 52.20.

" 'A party may not assign as error the giving or failure to give an instruction unless he objects to the instruction stating the specific grounds for the objection. Absent such objection, an appellate court may reverse only if the trial court's failure to give [or the giving of] the instruction was clearly erroneous. [Citations omitted.] The failure to give [or the giving of] an instruction is clearly erroneous only if the reviewing court reaches a firm conviction that if the trial error had not occurred there was a real possibility the jury would have returned a different verdict.' [Citation omitted.]" *State v. Land,* 14 Kan. App. 2d 515, 517, 794 P.2d 668 (1990).

In the present case, although there were circumstances that might lead a juror to question the victims' identification of Lowe, including consumption of alcohol by the victims, both victims confidently identified Lowe as one of the assailants. Lowe is a black man who has red hair. This unusual combination of physical characteristics makes the victims' identification of Lowe even more reliable. We cannot say there was a real possibility that the jury would have returned a different verdict had the proposed instruction been given.

Reversed and remanded for new trial. Lowe's request to vacate the sentence imposed in the consolidated case (90CR2128) is denied.