(921 P.2d 219)
No. 73,745

STATE OF KANSAS, *Appellee*, v. ARTHUR BRYON CUDDY, *Appellant*.

Opinion filed July 19, 1996.

*Rick Kittel*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Scott C. Rask*, assistant county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before GREEN, P.J., RULON, J., and DAN D. BOYER, District Judge, assigned.

RULON, J.: Arthur Byron Cuddy, defendant, appeals his convictions for possession of methamphetamine and drug paraphernalia and obstruction of official duty, claiming the district court erred in denying his motions for a new attorney, for self-representation, and for a mistrial. We affirm.

The essential facts of this case are undisputed.

In March 1994, the State charged defendant with possession of methamphetamine, possession of drug paraphernalia, and obstruction of official duty.

On December 1, 1994, the parties appeared for trial, and defense counsel told the court that defendant claimed that defendant had written the court 3 ½ weeks earlier stating that he was seeking new counsel. Defense counsel stated that defendant could not afford his own attorney and moved to continue the trial and for appointment of new counsel. The following colloquy between the court, Mr. Rask (the prosecutor), Mr. Gray (defense counsel), and defendant followed the defendant's motions:

"THE COURT: Do you want to respond to that, Mr. Rask?'

"MR. RASK: I'm not really sure why the defendant is desiring a new attorney. I know Mr. Gray has represented him in the preliminary hearing, also filed a motion to suppress the evidence, and we had a hearing on that. Mr. Gray and I have discussed on several occasions a possible plea agreement, and I know that Mr. Gray has spent quite a number of hours with the defendant both when he's been in custody and has met with him when he was not in custody, and I don't really know of any kind of basis that would merit the appointment of a new attorney at the expense of the Indigent Defense Services board.

"MR. GRAY: The only thing I would say in that regard, Your Honor, is Mr. Cuddy advised me that he did not feel that I had his best interests at heart or representing his best interests.

"MR. CUDDY: I know you don't.

"MR. GRAY: We did not go into detail about that, and perhaps you can hear from him.

"MR. CUDDY: I know for a fact the man don't like me, and the feeling is mutual. He's not on my side. It's as simple as that."

Defendant next moved for a competency hearing, claiming he was incompetent to stand trial. The State advised the district court that defendant was jailed with an inmate who was a "jailhouse lawyer" noted for advising inmates to file spurious motions in order to delay proceedings. Defendant admitted that an inmate told him

to make the incompetency claim. The district court stated that making a motion for new counsel the day of trial had the appearance of a delay tactic; that despite defendant's subjective impressions, Mr. Gray was providing defendant with a proper defense; and that the court had no reason to believe that another attorney would provide a better defense. The district court found that defendant had no grounds for an appointment of new counsel and denied the motion.

Next, defense counsel moved at defendant's insistence for defendant to represent himself. The district judge responded to the motion by stating, "Well, I think that would be imprudent. I think we need to get on with this trial, and I think you need to cooperate with your attorney. So let's get started."

During voir dire, the State asked a prospective juror about his ability to listen to the evidence of the case, and the prospective juror answered, "I don't believe so. I've read it in the paper and heard about it on the radio. So I kind of feel he's guilty . . . ." The district court instructed the jury panel to disregard the remark, and the juror was removed for cause. Defense counsel moved for mistrial, claiming the remark prejudiced the jury panel against defendant, and the district court denied the motion.

The jury convicted defendant of all charges.

## MOTION FOR NEW ATTORNEY

Defendant argues the district court abused its discretion by violating his Sixth Amendment rights in denying his day-of-trial motion for appointment of new counsel.

"Generally, the decision on whether an indigent defendant's dissatisfaction with his or her court-appointed counsel warrants appointment of new counsel is left to the discretion of the trial court. [Citations omitted.] Judicial discretion is abused when the action taken is arbitrary, fanciful, or unreasonable, or in other words, when no reasonable person would take the position adopted by the trial court. [Citation omitted.]" *State v. Hegwood*, 256 Kan. 901, 903, 888 P.2d 856 (1995).

"An indigent criminal defendant may not demand a different appointed lawyer except for good cause." *State v. Banks*, 216 Kan. 390, Syl. ¶ 1, 532 P.2d 1058 (1975). To warrant substitute counsel, a defendant must show justifiable dissatisfaction with appointed

counsel, such as a conflict of interest, an irreconcilable conflict, or a complete breakdown in communication. *Hegwood*, 256 Kan. at 903-04. Along with good cause, a court must consider the timeliness of a motion for substitute counsel. *U.S. v. Merchant*, 992 F.2d 1091, 1095 (10th Cir. 1993). In examining such timeliness, the district court must balance the defendant's Sixth Amendment right to counsel of his or her choice against the efficient administration of justice. *Hegwood*, 256 Kan. at 904. The United States Constitution does not protect a criminal defendant's claim of dissatisfaction with appointed counsel as a delay tactic. *United States v. Gipson*, 693 F.2d 109, 112 (10th Cir. 1982).

In *Hegwood*, an indigent criminal defendant moved for substitute counsel and a continuance after jury selection but before trial, claiming that his appointed counsel had " 'failed to show he [could] represent [the defendant] to the best of [the defendant's] interests.' " 256 Kan. at 902. The *Hegwood* court held that the district court did not abuse its discretion in denying the motion because the defendant failed to demonstrate any justifiable dissatisfaction with appointed counsel. 256 Kan. at 904. Similarly, in *State v. Roberts*, 13 Kan. App. 2d 485, 485-86, 773 P.2d 688, *rev. denied* 245 Kan. 787 (1989), a criminal defendant moved for appointment of new counsel the day before trial, claiming that his appointed attorney's representation was inadequate. Based on the evidence of the appointed attorney's efforts, the *Roberts* court held that the trial court did not abuse its discretion in denying the motion for new counsel. 13 Kan. App. 2d at 486-87.

Here, the trial court found that defendant's appointed attorney was properly representing defendant and there was no reason to believe another attorney would present a stronger defense. Defendant fails to demonstrate otherwise on appeal. As in *Roberts* and *Hegwood*, defendant has not demonstrated justification for his dissatisfaction with his appointed counsel. The district court did not abuse its discretion in denying defendant's motion for new counsel.

## SELF-REPRESENTATION

Defendant next argues the district court violated his Sixth Amendment rights by denying his day-of-trial motion to represent

himself. In *Faretta v. California*, 422 U.S. 806, 835, 45 L. Ed. 2d 562, 95 S. Ct. 2525 (1975), the United States Supreme Court held that a competent and literate criminal defendant who moved weeks before trial to represent himself or herself had a Sixth Amendment right to self-representation. The *Faretta* Court noted, however, that the right of self-representation is not a license to disrupt the administration of justice. See 422 U.S. at 835 n.46.

A motion for self-representation must be, among other things, unequivocal. *State v. Hollins*, 9 Kan. App. 2d 487, 488-89, 681 P.2d 687 (1984). Defendant claims he mailed a letter to the district court 3 ½ weeks before trial, expressing dissatisfaction with his appointed attorney and stating he was seeking other counsel. This letter did not amount to an unequivocal motion for self-representation. Defendant later moved for new counsel. The district court denied the motion, and not until the parties started to empanel the jury for trial did defendant move to represent himself.

Our Supreme Court has stated that generally, before trial, a defendant has an unqualified right to self-representation, but if the defendant does not move for self-representation before trial begins, the court has discretion to deny the request. *State v. Cromwell*, 253 Kan. 495, 505, 856 P.2d 1299 (1993).

Relying on *State v. Lowe*, 18 Kan. App. 2d 72, 847 P.2d 1334 (1993), defendant now argues that a motion for self-representation made immediately prior to trial is timely for purposes of invoking one's unqualified right to self-representation. In *Lowe*, the defendant moved for self-representation on the day of trial. The trial court responded to the motion by inadvertently misstating the law and telling Lowe that he could proceed pro se only if the court found that Lowe would not benefit from a lawyer in the case. The *Lowe* court held that by misinforming Lowe in this manner, the trial court erred in denying Lowe the opportunity to pursue his right to proceed pro se. 18 Kan. App. 2d at 78. The *Lowe* court did not reach the issue of whether the trial court would have had discretion regarding the motion for self-representation because of the lateness of the motion. Kansas courts have yet to address this issue.

Courts from other jurisdictions have taken differing positions concerning day-of-trial and near-day-of-trial motions for self-representation. See generally Annot., 98 A.L.R.3d 13. Two conflicting general rules have emerged. Some courts have established that a motion for self-representation is timely as a matter of law if made before the swearing in of the jury. *E.g.*, *Blankenship v. State*, 673 S.W.2d 578, 585 (Tex. Crim. 1984). Other courts have held that, due to the public's interest in the efficient administration of justice, a trial court has discretion regarding a motion for self-representation that was not made within a reasonable time prior to the commencement of trial. *E.g.*, *People v. Hall*, 87 Cal. App. 3d 125, 130-31, 150 Cal. Rptr. 628 (1978). The *Hall* court concluded the trial court had the discretion to deny such a motion made just prior to jury voir dire. 87 Cal. App. 3d at 132.

We believe the latter of the two prevailing rules strikes the more reasonable balance between the right to self-representation and the public's interest in the efficient administration of justice. See, *e.g.*, *Hall*, 87 Cal. App. 3d at 131. Such a rule, moreover, vests trial courts with the discretion to prevent the trivialization of two fundamental constitutional rights—the right to counsel and the right to be heard—into a game of delay tactics. *Cf. Gipson*, 693 F.2d at 112 (admonishing such tactics regarding claims of dissatisfaction with defense counsel). Here, defendant made his motion for self-representation when the parties convened to voir dire the jury panel. As in *Hall*, defendant failed to make the motion within a reasonable time prior to trial, and the district court had the discretion to deny the motion.

When considering a criminal defendant's motion for self-representation, a trial court may consider the reasons for the motion for self-representation; the quality of counsel's representation; the length and the stage of the proceedings; and the potential disruption and delay which could be expected from granting the motion. *Hall*, 87 Cal. App. 3d at 132. As discussed earlier, defendant had demonstrated no justification for his dissatisfaction with his appointed attorney at the time of the motion. Defendant had ample opportunity to make such a motion earlier but instead waited until the day of trial before making the motion. Under these facts, we

are satisfied the trial court did not abuse its discretion in denying defendant's motion for self-representation.

## MOTION FOR MISTRIAL

Finally, defendant argues the district court abused its discretion in refusing his motion for a mistrial after a prospective juror said during voir dire that he believed defendant was guilty. K.S.A. 22-3423(c) provides that a trial court may declare a mistrial if "[p]rejudicial conduct, in or outside the courtroom, makes it impossible to proceed with the trial without injustice to either the defendant or the prosecution." A trial court has discretion in ruling on a motion for mistrial on such grounds and will not declare a mistrial unless the rights of either party have been substantially prejudiced. *State v. McCorgary*, 224 Kan. 677, 687, 585 P.2d 1024 (1978).

"It is generally recognized that even though individual jurors on the panel may have indicated prejudice or bias that is not sufficient ground for a successful challenge to the entire panel. [Citation omitted.]" *State v. Ferguson, Washington & Tucker*, 228 Kan. 522, 530, 618 P.2d 1186 (1980). In *McCorgary*, a criminal defendant moved for mistrial after a prospective juror on voir dire said that she believed newspaper accounts of the alleged crimes at issue. The trial court excused the prospective juror from service, admonished the jury panel to disregard the statement, and denied the defendant's motion for mistrial. The *McCorgary* court concluded the defendant failed to demonstrate he suffered substantial prejudice from the jury panel hearing the comment. 224 Kan. at 687.

In *Ferguson*, a prospective juror stated on voir dire that he believed the police had to have substantial evidence before filing charges; the juror was dismissed, and the defendant moved for mistrial. The trial court instructed the jury pool not to consider the comments, examined the pool members to insure that the comment had not hindered their impartiality, and denied the defendant's motion for a mistrial. The *Ferguson* court concluded the trial court took adequate steps to insure that the defendant had not been prejudiced, and the defendant had failed to demonstrate prejudice on appeal. 228 Kan. at 529-30.

Defendant's attempts to distinguish this case from *Ferguson* because here, although the district court dismissed the prospective juror and admonished the panel to disregard the comment, the district court did not question the jury pool for prejudice. The *Ferguson* court, however, cited approvingly to *McCorgary* where the trial court took precisely the same precautions as in this case, and on appeal the court concluded such precautions were sufficient. 228 Kan. at 529-30. Most importantly, as in both *McCorgary* and *Ferguson*, defendant has failed to demonstrate the district court's admonition was insufficient to prevent substantial prejudice against him.

Affirmed.