(608 P.2d 1041)
No. 50,899

STATE OF KANSAS, *Appellee*, v. GEORGE STRINGFIELD, *Appellant*.

Petition for review denied June 20, 1980.

Opinion filed April 4, 1980.

*Edward P. Schneeberger* and *Frank E. White, Jr.,* of Leavenworth, for the appellant.

*Patrick J. Reardon,* county attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before SWINEHART, P.J., REES and SPENCER, JJ.

SPENCER, J.: Defendant appeals from convictions of voluntary manslaughter, K.S.A. 21-3403, and aggravated battery, K.S.A. 21-3414.

Evidence at trial disclosed that on June 8, 1978, defendant was standing at the corner of Third Street and Pottawatomie Street in Leavenworth with some other men when the victim, Anthony Richardson, approached with another person. An argument ensued, at which time Richardson withdrew a straight razor from his pocket and swung it once at defendant. Testimony indicated Richardson began running away from defendant immediately

after swinging the razor; and that defendant stepped back, drew his gun, and fired several shots at Richardson. Officer McGill testified defendant voluntarily stated he had shot at Richardson five times, reloaded, and shot two more bullets into the air. Other evidence indicated Richardson was seventy-five to eighty feet away from defendant when defendant opened fire; that Richardson's body was determined to be well over 200 feet from the corner where defendant stood; and that Richardson's back was to defendant when he was shot. Richardson died as a result of a gunshot wound to his chest.

Other witnesses indicated a five-year-old child, Ebony Carey, received a wound from one of the bullets fired by defendant. Although no one saw the child get hit, several witnesses testified she was found to be injured immediately following the shooting. Dr. Bransted, who examined the child following the incident, testified he found metallic fragments in her back and that her injury was compatible with a gunshot wound. Officer McGill testified he spoke with defendant upon arriving at the scene; that defendant was holding a gun in his hand; and that defendant stated "he hoped that little girl hadn't gotten hurt that bad."

Defendant relied on a theory of self-defense. At the conclusion of the State's evidence and again at the close of all evidence, defense counsel moved for judgment of acquittal on both counts, which motions were denied. The jury returned verdicts of guilty as to voluntary manslaughter, based on the homicide of Anthony Richardson, and aggravated battery, based on the shooting of Ebony Carey.

The sole issue on appeal is whether the trial court erroneously denied defendant's motion for judgment of acquittal as to each charge. With respect to the aggravated battery conviction, defendant argues there was no evidence of the requisite intent under K.S.A. 21-3414 or of an infliction of bodily injury to the child. With respect to the voluntary manslaughter conviction, defendant argues the evidence conclusively established his theory of self-defense. Clearly, these arguments are without merit.

The appropriate standard we must consider was stated in *State v. Jones,* 222 Kan. 56, Syl. ¶ 11, 563 P.2d 1021 (1977):

"A trial judge in passing upon a motion for judgment of acquittal must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt. If he

concludes guilt beyond a reasonable doubt is a fairly possible result, he must deny the motion and let the jury decide the matter. If he concludes that upon the evidence there must be such a doubt in a reasonable mind, he must grant the motion."

While we agree with defendant that a specific intent to injure is a necessary element of the crime of aggravated battery under K.S.A. 21-3414 (*State v. Seely,* 212 Kan. 195, 203, 510 P.2d 115 [1973]; *State v. Warbritton,* 211 Kan. 506, 508, 506 P.2d 1152 [1973]), it is clear the evidence adduced at trial was sufficient to prove such intent. Intent is normally a question of fact for the jury (*State v. Edwards,* 209 Kan. 681, Syl. ¶ 3, 498 P.2d 48 [1972]), and may be shown by acts, circumstances and inferences reasonably deducible therefrom and need not be established by direct proof. *State v. Acheson,* 3 Kan. App. 2d 705, Syl. ¶ 4, 601 P.2d 375 (1979). From the evidence presented, the jury could have believed defendant intended to injure Anthony Richardson. Under the doctrine of transferred intent, the fact that defendant did not intend to shoot Ebony Carey becomes immaterial.

"Under this rule, the fact that the bystander was killed instead of the victim becomes immaterial, and the only question at issue is what would have been the degree of guilt if the result intended had been accomplished. The intent is transferred to the person whose death has been caused, or as sometimes expressed, the malice or intent follows the bullet." 40 Am. Jur. 2d, Homicide § 11, pp. 302-303.

The doctrine is equally applicable to prosecutions for assault and battery (6 Am. Jur. 2d, Assault and Battery § 18, pp. 23-24), and the trial court properly instructed the jury as to this issue. See PIK Crim. 56.18.

The evidence is clearly sufficient to establish that defendant inflicted great bodily harm upon Ebony Carey. The fact that the evidence is circumstantial is of no importance. See *State v. White & Stewart,* 225 Kan. 87, Syl. ¶ 14, 587 P.2d 1259 (1978). The number of shots fired by defendant, the proximity of Ebony's injury to the shooting, the medical testimony regarding her injury, and even defendant's statement concerning the child's injury, are all facts from which the jury could have reasonably deduced that defendant's action resulted in her bodily harm.

Finally, the trial court properly overruled defendant's motions considering the evidence as to self-defense. While defendant presented some testimony which might tend to establish the defense, the credibility of such witnesses, including defendant,

was a matter properly left for the determination of the jury. *State v. Holloway,* 219 Kan. 245, 253, 547 P.2d 741 (1976). The statutory codification of self-defense, K.S.A. 21-3211, limits the degree of force which may be used to repel an attack to that force which reasonably appears to be necessary for that purpose. *State v. Stokes,* 215 Kan. 5, Syl. ¶ 4, 523 P.2d 364 (1974). Considering the substantial testimony regarding the distance between defendant and Richardson at the time defendant opened fire, it cannot be said the trial court erroneously left the issue in the hands of the jury.

Affirmed.