NOT DESIGNATED FOR PUBLICATION

No. 114,124

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ROBERT GARCIA,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed July 15, 2016.
Affirmed.

*Michael P. Whalen* and *Krystle M.S. Dalke*, of Law Office of Michael P. Whalen, of Wichita, for
appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before MCANANY, P.J., HILL and BRUNS, JJ.

*Per Curiam*:  Robert Garcia appeals the district court's denial of his K.S.A. 60-
1507 motion as untimely. He argues that the district court failed to make sufficiently
detailed findings of fact and conclusions of law and asks us to remand for further findings
and conclusions. He also claims that he made a sufficient showing of manifest injustice to
excuse his untimeliness. Finding no merit in Garcia's arguments, we affirm the district
court's summary denial of his K.S.A. 60-1507 motion.

1

FACTS

In 1982, a jury convicted Garcia of three counts of first-degree murder and one count of aggravated battery. The district court sentenced him to life imprisonment for each murder and 5 to 20 years for the aggravated battery, to be served consecutively. Garcia pursued a direct appeal, asserting numerous trial errors, but the Kansas Supreme Court affirmed his convictions. See *State v. Garcia*, 233 Kan. 589, 592-610, 664 P.2d 1343 (1983). It appears that Garcia may have also unsuccessfully pursued an appeal of the denial of a K.S.A. 60-1507 motion he filed in the early 1990's.

Over 30 years following his conviction, on December 19, 2014, Garcia filed in Sedgwick County District Court a pro se motion pursuant to K.S.A. 60-1507. In his motion, Garcia alleges ineffective assistance of trial and appellate counsel. Garcia claims that his trial counsel was ineffective in advising him to waive his preliminary hearing, advising him not to testify at trial, and failing to obtain lesser-included-offense instructions. He does not make specific allegations about how his appellate counsel was allegedly ineffective.

On January 5, 2015, Garcia filed a pro se motion in which he alleged that trial counsel was ineffective because his attorney advised him to waive his preliminary hearing and not to testify at trial. Garcia also asserted factors he believed warranted conviction on lesser-included offenses: (1) one of his victims (Karen Neil) pushed another victim (a 4-year-old child) in front of her when Garcia shot at Neil, which Garcia argued meant that Neil—not Garcia—had the child; (2) Neil had provoked Garcia; and (3) Garcia had mixed prescription medicine with alcohol, not knowing it would have an adverse effect on him. He argued that trial counsel's failure to obtain lesser-included-offense convictions under these circumstances justified vacating his sentence or granting him a new trial.

2

On January 14, 2015, the district court filed a minutes order addressing the K.S.A. 60-1507 motion. The order simply said: "DENIED. Petition is time[-]barred and movant has failed to show any manifest injustice." On February 12, 2015, Garcia filed a pro se "Motion to Appeal," to which he attached a brief in which he argued that he had demonstrated manifest injustice by showing that his attorney had not provided proper representation during trial. Garcia also argued the district court should have considered his K.S.A. 60-1507 motion because doing so would serve the public policy.

On June 16, 2105, Garcia filed a pro se pleading entitled "motion to consider" in district court after the Appellate Defender Office (ADO) had moved to withdraw as his counsel on appeal. In the motion to withdraw, the ADO noted that Garcia's K.S.A. 60-1507 motion involved issues which could have been raised in his direct appeal. So, in order to succeed in this appeal, the ADO would have to argue it had been ineffective by failing to raise the issues in the direct appeal. In response, Garcia argued that this conflict justified immediate relief in the form of expungement of his criminal record, release from incarceration, and financial compensation for his incarceration. On July 10, 2015, the district court filed another minutes order denying a pro se "Miscellaneous Filing"— presumably the June 2015 "motion to consider." Later that day, Garcia filed a second notice of appeal.

### ANALYSIS

On appeal, Garcia contends that the district court erred in denying his K.S.A. 60-1507 motion. Specifically, he argues that the district court's minutes order did not comply with Supreme Court Rule 183(j), which states that a district court considering a K.S.A. 60-1507 motion "must make findings of fact and conclusions of law on all issues presented." (2015 Kan. Ct. R. Annot. 273). "Whether the district judge complied with Rule 183(j) involves a question of law reviewable de novo. [Citation omitted.]" *Robertson v. State*, 288 Kan. 217, 232, 201 P.3d 691 (2007).

3

We note that Garcia failed to object in the district court to inadequate findings of fact and conclusions of law, so he gave the district court no opportunity to correct its order. As such, we presume the district court found all facts necessary to support its judgment and we do not need to remand for further findings. See *Andrews v. State*, No. 112,240, 2015 WL 5036921, *4 (2015 Kan. App.) (unpublished opinion), *rev. denied* 304 Kan. ___ (March 31, 2016). Moreover, compliance with Rule 183(j) is required to ensure the opportunity for meaningful appellate review. See *Harris v. State*, 31 Kan. App. 2d 237, 239, 62 P.3d 672 (2003). Here, the district court's minutes order makes it clear that the basis for denying Garcia's motion was because (1) it was untimely, and (2) no manifest injustice had been shown. We find those findings and conclusions—although brief—to be sufficient to allow meaningful appellate review. See *Andrews*, 2016 WL 5036921, at *4.

Turning to that summary denial, we review the district court's decision de novo since it made its ruling based only on the motion, files, and records in the case. See *Wahl v. State*, 301 Kan. 610, Syl. ¶ 1, 344 P.3d 385 (2015); *State v. Fritz*, 299 Kan. 153, 154-55, 321 P.3d 763 (2014). If the motion, records, and files show conclusively that Garcia is entitled to no relief, we must affirm the district court's denial of the motion. See *Wahl*, 301 Kan. at 617.

K.S.A. 60-1507(f) requires a motion to be brought

> "within [1] year of:  (i) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (ii) the denial of a petition for writ of certiorari to the United States supreme court or issuance of such court's final order following granting such petition."

This time limitation became effective July 1, 2003, and individuals with preexisting claims had 1-year from that date to file a K.S.A. 60-1507 motion. See *Pabst*

*v. State*, 287 Kan. 1, 22-25, 192 P.3d 630 (2008). Accordingly, Garcia had until June 30, 2004, to timely file his motion. See 287 Kan. at 22. It is clear from the record, however, that he failed to file his K.S.A. 60-1507 motion until more than 10 years after this deadline had expired. Therefore, the district court correctly held that Garcia's K.S.A. 60-1507 motion was untimely.

There is an exception to the time limitation if it is shown that an extension is necessary "to prevent a manifest injustice." See K.S.A. 60-1507(f)(2). In his brief, Garcia argues that he

"presented claims of ineffective assistance of counsel that were substantial issues of law and fact and deserved the district court's consideration. He claimed that trial counsel was aware of several possible defenses and failed to adequately pursue and inform the trial court of these possible defenses. He further claimed that trial counsel was not present during all stages during his trial and 'told' Mr. Garcia not to testify at his own trial. The decision to testify at his criminal trial was a decision that belonged to Mr. Garcia and his [*sic*] was his constitutional right. Mr. Garcia further asserts that he has presented a claim of innocence to at least one of the first[-]degree murders by claiming that the victim pulled the boy in front of her to protect herself and therefore, causing [*sic*] his death. He argues that there were facts known to his attorney about his mental state that would have supported lesser included offenses and negated the intent element for first[-]degree murder."

As Garcia acknowledges, however, the Kansas Supreme Court found:

"[C]ourts conducting a manifest injustice inquiry under K.S.A. 60-1507(f)(2) should consider a number of factors as a part of the totality of the circumstances analysis. This nonexhaustive list includes whether (1) the movant provides persuasive reasons or circumstances that prevented him or her from filing the 60-1507 motion within the 1-year time limitation; (2) the merits of the movant's claim raise substantial issues of law or fact deserving of the district court's consideration; and (3) the movant sets forth a colorable

5

claim of actual innocence; *i.e.*, factual, not legal innocence." *Vontress v. State*, 299 Kan. 607, 616, 325 P.3d 1114 (2014).

No one factor is dispositive, and we need not give each factor equal weight. 299 Kan. at 616. Furthermore, Garcia bears the burden to demonstrate manifest injustice. See 299 Kan. at 617.

In the present case, Garcia did not allege manifest injustice in his K.S.A. 60-1507 motion. After the district court denied the motion as untimely and because Garcia had failed to demonstrate manifest injustice, Garcia filed his "motion to appeal" and—for the first time—argued that he had shown manifest injustice. Although it is questionable whether this issue is properly before us, we conclude that Garcia has not shown manifest injustice to warrant extending the deadline for filing a K.S.A. 60-1507 motion.

Considering the first *Vontress* factor, we find that Garcia has failed to identify any reasons that prevented him from filing the motion by June 30, 2004. Next, *Vontress* requires us to consider whether Garcia's claims of ineffective assistance of counsel raised substantial issues of law or fact. See 299 Kan. at 616. On appeal, Garcia argues that he "presented claims of ineffective assistance of counsel that were substantial issues of law and fact and deserved the district court's consideration." Specifically, he asserts that his "trial counsel was aware of several possible defenses and failed to adequately pursue and inform the trial court of these possible defenses," that "trial counsel was not present during all stages during his trial," and "that trial counsel . . . 'told' [him] not to testify at his own trial." He also asserts that he has presented a claim of actual innocence to the crime of first degree murder. Finally, Garcia argues that there were facts known to his trial attorney about his mental state that would have supported a lesser included offense.

Under the statutes in effect at the time of Garcia's trial—as well as the statutes in effect today—lesser-included-offense instructions may be requested at the jury

6

instruction conference prior to the district court instructing the jury. See K.S.A. 2015 Supp. 22-3413(3); K.S.A. 21-3107(3) (1981 Ensley). In other words, waiver of a preliminary hearing does not preclude subsequent requests for lesser-included-offense jury instructions. See *Fuller v. State*, 303 Kan. 478, 486, 363 P.3d 373 (2015). Moreover, in Garcia's direct appeal, the Kansas Supreme Court rejected his argument that either Neil's actions during the shooting or Garcia's mixing alcohol and prescription medication warranted lesser-included offense instructions. See *Garcia*, 233 Kan. at 608-10.

Under the doctrine of res judicata, the Kansas Supreme Court's holding that the giving of lesser-included-offense instructions was not warranted controls any future consideration of this issue. See *Grossman v. State*, 300 Kan. 1058, 1062, 337 P.3d 687 (2014) ("'[W]here an appeal is taken from the sentence imposed and/or a conviction, the judgment of the reviewing court is res judicata as to all issues actually raised.'"). As such, Garcia cannot show that trial counsel's failure to request the lesser-included-offense instructions prejudiced him.

As to Garcia's argument that trial counsel was ineffective by failing to adequately pursue defenses other than insanity, it appears that he is complaining about a strategic decision made by his attorney. See *State v. Cheatham*, 296 Kan. 417, 437, 292 P.3d 318 (2013). Garcia has not identified any specific ways in which his trial counsel was deficient in investigating the law or relevant facts. In addition, Garcia has not specifically identified another defense that would have been factually or legally appropriate.

"[D]efense counsel is responsible for strategical and tactical decisions like preparation, scheduling, and the type of defense. [Citation omitted.]" *Flynn v. State*, 281 Kan. 1154, 1163, 136 P.3d 909 (2006). A summary assertion that another defense may have been more successful is not sufficient to raise a substantial legal or factual basis that would warrant extending the timeline for filing a K.S.A. 60-1507 in order to avoid manifest injustice.

Regarding Garcia's argument that trial counsel advised him not to testify at trial, it is true that a criminal defendant "has an absolute right to testify in his or her own behalf." See *State v. Stano*, 284 Kan. 126, 132, 159 P.3d 931 (2007). Garcia stops short, however, of alleging that his attorney actually *prevented* him from testifying at trial. Instead, he claims that counsel advised him not to testify because they were employing an insanity defense. Advising a client not to testify on his or her own behalf is not necessarily constitutionally deficient performance by counsel and can be a prudent trial strategy decision. See *State v. Rice*, 261 Kan. 567, 606-07, 932 P.2d 981 (1997). In addition, Garcia has failed to explain how his testimony would have resulted in a different outcome. Thus, we do not find that Garcia has raised a substantial legal or factual issue.

Finally, regarding Garcia's argument that he was denied his constitutional right to have counsel present at certain stages of the proceedings, those are trial errors he could have raised as part of his direct appeal. "[A] K.S.A. 60-1507 motion cannot serve as a vehicle to raise an issue that should have been raised on direct appeal, unless the movant demonstrates exceptional circumstances excusing earlier failure to bring the issue before the court. [Citations omitted]." *Rowland v. State*, 289 Kan. 1076, 1087, 219 P.3d 1212 (2009); see also Supreme Court Rule 183(c)(3) (2015 Kan. Ct. R. Annot. 272). Here, Garcia has not attempted to identify any such exceptional circumstances. Therefore, because none of Garcia's allegations raise substantial issues of law or fact, consideration of the second *Vontress* factor does not weigh in favor of extending the 1-year timeline for filing a K.S.A. 60-1507 motion.

Turning to the third *Vontress* factor, we do not find that Garcia raised a colorable claim of actual innocence. What he characterizes as a claim of innocence is simply his assertion that he is not legally responsible for the minor child's death because Neil allegedly pulled the child into the path of the bullet while Garcia was shooting. But the specific intent to shoot the child is not required for a conviction of first-degree murder. Garcia does not dispute that he fired the shot that killed the child or that he fired the shot

attempting to shoot Neil. Under the doctrine of transferred intent, the child's death constituted first-degree murder even if the shot that killed the child was intended to kill Neil. See *State v. Stringfield*, 4 Kan. App. 2d 559, 561, 608 P.2d 1041, *rev. denied* 228 Kan. 807 (1980) ("'Under this rule, the fact that the bystander was killed instead of the victim becomes immaterial, and the only question at issue is what would have been the degree of guilt if the result intended had been accomplished.'"). The Kansas Supreme Court explicitly approved of the application of transferred intent in first-degree murder prosecutions in *State v. Jones*, 257 Kan. 856, 860, 896 P.2d 1077 (1995). In *Jones*, our Supreme Court quoted *Stringfield* and noted that "'"as sometimes expressed, the malice or intent follows the bullet." [Citation omitted.]' [Citation omitted.]" 257 Kan. at 860. Thus, we conclude that Garcia's claim of innocence is not colorable.

Garcia also argued in the brief he attached to his "motion to appeal" that considering his K.S.A. 60-1507 motion on the merits would prevent manifest injustice because it would serve the public policy, and that it would allow the district court to consider new evidence. Because the factors identified in *Vontress* are nonexclusive, we have considered this argument but find it to be unpersuasive. Although Garcia alleges he introduced new evidence in his K.S.A. 60-1507 motion, our review of the record finds nothing new.

We have previously rejected the argument that ineffective assistance of counsel in and of itself constitutes manifest injustice that requires extension of the filing deadline for K.S.A. 60-1507 motions. See *Toney v. State*, 39 Kan. App. 2d 944, 947, 187 P.3d 122, *rev. denied* 287 Kan. 769 (2008). Furthermore, if we were to accept the failure to support public policy in favor of fair and full litigation as sufficient manifest injustice to justify extending the timeline, it would require extension in every case involving an untimely K.S.A. 60-1507 motion. Accordingly, it would render the statutory time limitation essentially meaningless.

9

We, therefore, conclude that because Garcia's 60-1507 motion was filed outside the 1-year time limitation and he has failed to show that under the totality of the circumstances an extension of time was necessary to prevent a manifest injustice, the district court did not err in summarily denying the motion as untimely.

Affirmed.