NOT DESIGNATED FOR PUBLICATION

No. 121,656

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JESSICA N. ESPINOZA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TERRY L. PULLMAN, judge. Opinion filed September 25, 2020. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., WARNER, J., and BURGESS, S.J.

PER CURIAM: Jessica Espinoza appeals her convictions for possession of an opiate and possession of a stimulant. She contends that the evidence submitted at trial—which described her act of tossing a pill bottle containing Vyvanse and Oxycodone into the back seat of her car—was insufficient to show she "possessed" those substances. We disagree. Because the State produced sufficient evidence of the knowledge and intent necessary to prove her possession of both opiates and stimulants, we affirm Espinoza's convictions.

FACTUAL AND PROCEDURAL BACKGROUND

On the morning of April 11, 2018, officers from the Clearwater Police Department waited for Espinoza to arrive for work at the Clearwater Nursing and Rehabilitation Center in order to investigate her involvement in the theft of another employee's car. The officers watched Espinoza's vehicle arrive in the parking lot and approached as it came to a stop. Espinoza was in the passenger seat and began to exit the vehicle as the officers advanced.

One of the arresting officers described the interaction that followed at trial:

"[A]s [Espinoza] was exiting she had, like, a bag. I thought it was a purse at the time, but it was some kind of medical, like, her medical supplies for work in one hand, and then when I told her she was being detained, as she was stepping in front of the vehicle, she went like that with her hand and there was a green bottle that was thrown out of her hand back into the vehicle. She was placed into handcuffs and I picked up the green bottle."

The officer explained he was unsure whether the green bottle came from Espinoza's pocket or if she simply had it in her hand prior to tossing it back into the vehicle. The officer handcuffed Espinoza and placed her in his patrol vehicle; he then retrieved the pill bottle. The bottle's label stated it was Vyvanse—a controlled substance—and was prescribed to a woman named Marion Norwood. The pill bottle contained 6 blue-and-white capsules, later identified as Vyvanse, and 20 pink pills wrapped in a cellophane wrapper, later identified as Oxycodone.

The State charged Espinoza with possession of an opiate, possession of a stimulant, and theft. Espinoza proceeded to trial, and a jury found her guilty of both possession charges but not guilty of theft. The district court sentenced Espinoza to an underlying prison term of 11 months, then suspended that sentence and placed Espinoza on probation for 12 months. Espinoza appeals.

DISCUSSION

When a defendant challenges the sufficiency of the evidence in a criminal case, we review the entire record in a light most favorable to the State and ask whether we are convinced that a rational fact-finder could have found the defendant guilty beyond a reasonable doubt. *State v. Chandler*, 307 Kan. 657, 668, 414 P.3d 713 (2018). For the evidence to be sufficient, "there must be evidence supporting each element of [the] crime." *State v. Kettler*, 299 Kan. 448, 471, 325 P.3d 1075 (2014). But direct proof of each element is not required; circumstantial evidence is sufficient to support a verdict when "it permits the factfinder to draw a reasonable inference regarding the fact(s) in issue." *State v. Banks*, 306 Kan. 854, 859, 397 P.3d 1195 (2017). In reviewing the sufficiency of the evidence, we do not reweigh evidence, resolve evidentiary conflicts, or make determinations about the credibility of witnesses. *Chandler*, 307 Kan. at 668; *State v. Lloyd*, 299 Kan. 620, 632, 325 P.3d 1122 (2014).

Espinoza argues the State presented insufficient evidence that she possessed the bottle of Vyvanse and Oxycodone. Specifically, Espinoza argues her action of tossing the pill bottle into the back seat was inadequate to show that she had knowledge of the presence of the controlled substances or an intent to exercise control over them.

For both possession charges, the State was required to prove that Espinoza possessed a controlled substance—Vyvanse and Oxycodone, respectively—and that the act "occurred on or about the 11th day of April, 2018, in Sedgewick County, Kansas." The only question relevant to the resolution of Espinoza's appeal is whether the State produced evidence from which a jury could find that she possessed the bottle of pills. "Possession" is defined in K.S.A. 2019 Supp. 21-5701(q) and in the court's instructions to the jury to mean "having joint or exclusive control over an item with knowledge of and intent to have such control or knowingly keeping some item in a place where the person has some measure of access and right of control." Knowledge and intent are matters of

human experience to be weighed based on the evidence—that is, questions of fact. See *State v. Stringfield*, 4 Kan. App. 2d 559, 561, 608 P.2d 1041 ("Intent is normally a question of fact for the jury, and may be shown by acts, circumstances and inferences reasonably deducible therefrom and need not be established by direct proof. [Citations omitted.]"), *rev. denied* 228 Kan. 807 (1980).

At trial, the arresting officer testified that when he approached Espinoza, she had a bag and a green pill bottle in her hands. When he informed Espinoza that she was under arrest, she tossed the pill bottle back into the vehicle. But the officer saw Espinoza with the pill bottle in her hand and saw her throw it. And after placing Espinoza in handcuffs, the officer picked up the bottle and found it contained two controlled substances. The jury could reasonably infer from Espinoza's attempt to discard the pill bottle before being arrested that she knew of the controlled substances the bottle contained and that she intended to exercise control over them. Viewing the evidence in the light most favorable to the State, we conclude the evidence was sufficient to support the jury's verdict.

Affirmed.