(773 P.2d 688)

No. 62,301

STATE OF KANSAS, *Appellee*, v. DALE E. ROBERTS, *Appellant*.

Petition for review denied July 13, 1989.

Opinion filed May 12, 1989.

*Reid T. Nelson*, special appellate defender, for appellant.

*Debra L. Barnett*, assistant district attorney, *Nola Foulston*, district attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before ELLIOTT, P.J., REES, J., and JANICE D. RUSSELL, District Judge, assigned.

ELLIOTT, J.: Dale Roberts appeals his conviction of criminal damage to property, K.S.A. 21-3720, asserting the trial court violated his rights by "forcing" him to represent himself and by failing to give him adequate time to prepare for trial.

We affirm.

Following his arraignment, Roberts obtained five continuances before a preliminary hearing could be held, by failing to appear with an attorney. Finally, the district court appointed counsel, even though it found Roberts to be ineligible for appointed counsel. Roberts was dissatisfied with his first counsel and the court appointed a second lawyer to represent him. On the day before trial, (some seven months after arraignment), Roberts wanted yet another lawyer appointed to represent him. Roberts then decided he would defend himself.

At the hearing on whether to proceed to trial, Roberts made it clear he had no intention of hiring his own attorney, but was not satisfied with his second appointed counsel and did not want her assistance at trial.

The trial judge interviewed Roberts about his education and prior court experience. The trial judge informed defendant that if he were to represent himself he would be held to the same standards as an attorney; that if defendant failed to object to evidence he would be waiving any objections; and that the court could not assist Roberts in his defense. Further, the judge reminded defendant of his right to remain silent and refrain from testifying and reviewed with Roberts the nature of the crime and possible penalties if he were convicted, including possible application of the habitual criminal statute.

After this thorough examination, the trial judge asked defendant if he had changed his mind about defending himself; Roberts responded in the negative. The trial judge then found that defendant

"has knowingly and intelligently waived his right to proceed to trial with counsel, that he's made it clear to the court that he wishes to proceed to trial in this matter on his own behalf; that he understands the nature of the charges and proceedings, the possible punishment ranges, the obligations that an attorney has during the conduct of trial and what he would be expected to do during trial, that in spite of the fact the Court has recommended that he not proceed in this manner, that he elected to proceed as a pro se attorney, and the Court orders that Miss Page be allowed to withdraw and that the defendant proceed to trial as his own attorney."

The trial court continued the trial until the following morning to allow defendant to subpoena three additional witnesses and ordered appointed counsel, who had just been relieved of her duties, to help with the preparation of those subpoenas.

While an indigent accused has the right to be represented by counsel, he or she does not have the right to be represented by a particular lawyer. *State v. Walker*, 202 Kan. 475, 477-78, 449 P.2d 515 (1969). Further, a defendant may not demand different appointed counsel except for good cause. *State v. Banks*, 216 Kan. 390, 393, 532 P.2d 1058 (1975).

In the present case, defendant's stated reason for wishing a third attorney be appointed was that he felt "that the attorney that's representing me now has—has not worked with me to build a defense for this case." On appeal, Roberts asserts that counsel's "minimal representation" supports his claim that she was not diligently working on his case.

The trial judge heard counsel's recitation of her efforts and

preparation. Roberts' principal complaint was that he came to her office unannounced and without an appointment and was unable to see her because of booked appointments.

In the present case, appointment of substitute counsel was a matter of trial court discretion which will not be disturbed absent a clear showing of abuse. *United States v. Young*, 482 F.2d 993, 995 (5th Cir. 1973), *State v. Banks*, 216 Kan. at 393.

Under the facts here present, the trial court did not abuse its discretion in denying defendant's request for substitute counsel on the eve of trial.

Roberts next argues he did not voluntarily waive his Sixth Amendment right to counsel. A knowing waiver of counsel requires a showing that the defendant knows what he or she is doing and that the choice of self-representation is made with eyes open. *Faretta v. California*, 422 U.S. 806, 835, 45 L. Ed. 2d 562, 95 S. Ct. 2525 (1975).

In *State v. Daniels*, 2 Kan. App. 2d 603, 607-08, 586 P.2d 50 (1978), we held that a trial court must make more than a routine inquiry to determine if the waiver of counsel was knowingly and intelligently made. See *State v. Martin*, 241 Kan. 732, 740 P.2d 577 (1987).

In the present case, Judge Fisher painstakingly inquired into the matter by clearly advising Roberts of his right to counsel, by asking about defendant's educational background, by reviewing the nature of the charge and possible penalties, by explaining to Roberts the consequences of proceeding pro se, and by recommending defendant continue with representation.

The trial court properly ruled that defendant knowingly and intelligently waived his right to counsel.

Finally, Roberts contends the trial court erred when it ordered him to be ready for trial the following morning. Roberts never requested a continuance of trial. A defendant cannot raise points on appeal which were not presented to the trial court. *State v. Holley*, 238 Kan. 501, 508, 712 P.2d 1214 (1986).

In any event, K.S.A. 22-3406 states that, *after arraignment,* the defendant is entitled to a reasonable time to prepare for trial. Roberts was arraigned on June 23, 1987, and went to trial on January 28, 1988; he clearly had ample time to prepare for trial.

K.S.A. 22-3401 provides that continuances *may* be granted for good cause shown. The granting of a continuance is within the

trial court's discretion; absent a clear abuse of that discretion the trial court's ruling will not be disturbed on appeal. *State v. Galloway*, 238 Kan. 415, Syl. ¶ 4, 710 P.2d 1320 (1985).

Defendant argues he was prejudiced because he was not able to call any witnesses in his defense. The record reveals that, before Roberts began his case in chief, the trial court asked him if he planned to call any witnesses, including those subpoenaed. Roberts replied "no," and indicated the subpoenaed witnesses were no longer needed to provide his defense.

Roberts has simply failed to show any prejudice or any abuse of judicial discretion.

The conviction is affirmed.