NOT DESIGNATED FOR PUBLICATION

No. 118,846

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JASON LEE JONES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed March 8, 2019. Reversed and remanded with directions.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Todd G. Thompson*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., SCHROEDER and GARDNER, JJ.

PER CURIAM: This appeal follows a remand to the district court after Jason Lee Jones was denied relief on his K.S.A. 60-1507 motion in which he alleged ineffective assistance of trial counsel for failing to represent him at a hearing on a presentence motion to withdraw plea. In the previous appeal, this court held that Jones was denied the assistance of counsel at a critical stage of his case and remanded the matter to the district court regarding his motion to withdraw plea unless Jones voluntarily waived that right. On remand, the district court appointed two different attorneys to represent Jones, but he was not satisfied with either. As such, the district court had Jones proceed pro se and denied his motions.

1

Unfortunately, the district court failed to comply with *State v. Neal*, 292 Kan. 625, 637, 258 P.3d 365 (2011). Although the record reflects that Jones was fully advised and properly informed of his right to counsel, it does not appear that Jones made "a clear determination not to have counsel represent him" nor did the district court make a finding that Jones had waived his right to counsel by his conduct. Thus, we reverse the district court's rulings on the postconviction motions and remand the case to the district court with directions.

FACTS

On May 14, 2010, Jones pled guilty—pursuant to a plea agreement—to a reduced charge of second-degree reckless murder and abuse of a child. Prior to sentencing, he filed a pro se motion to withdraw his plea. At the hearing on the motion, Jones' attorney indicated that he did not believe the motion to withdraw plea was in his client's best interest. As such, the district court directed Jones to proceed to argue his pro se motion without the benefit of counsel. Ultimately, the district court denied the motion to withdraw plea and sentence Jones to 467 months in prison.

On direct appeal, a panel of this court affirmed Jones' conviction but found that the State had violated the terms of the plea agreement. Accordingly, the case was remanded for resentencing. *State v. Jones*, 47 Kan. App. 2d 109, 115-16, 271 P.3d 1277 (2012). On resentencing, Jones' sentence was reduced to 360 months in prison. See *Jones v. State*, No. 112,979, 2015 WL 9287034, at *1 (Kan. App. 2015) (unpublished opinion). Although Jones did not appeal from the resentencing, he filed the K.S.A. 60-1507 motion that is the subject of this appeal.

The district court held an evidentiary hearing at which Jones proceeded pro se. At the conclusion of the hearing, the district court denied the K.S.A. 60-1507 motion. On appeal—among other things—he argued "that he was denied his constitutional right to

2

effective representation when his trial attorney . . . refused to participate at the hearing on the motion to withdraw plea." 2015 WL 9287034, at *2. A panel of this court agreed and found that Jones should have counsel at the motion hearing, unless he is found to have waived that right. 2015 WL 9287034, at *3.

In remanding this matter to the district court, the panel stated:

"Although going forward with his motion to withdraw plea may or may not be a good decision, an attorney should be appointed to advise Jones of his options. Moreover, if he decides to proceed with his motion to withdraw plea, Jones should be represented by counsel at the motion hearing unless he knowingly and voluntarily waives his right to counsel on the record." 2015 WL 9287034, at *3.

The district court first appointed John Kurth of Atchison to serve as Jones' counsel for the remand hearing on the motion to withdraw plea. About a month later, Jones filed a pro se motion asking that Kurth be replaced with another attorney. After Kurth was allowed to withdraw, the district court appointed Gerald Wells of Lawrence as replacement counsel. Shortly thereafter, Wells filed a motion to withdraw because Jones prevented him from interviewing certain witnesses and gave him an "ultimatum" regarding the strategy to utilize in the case. Jones also filed a motion for replacement counsel.

On August 4, 2016, the district court allowed Wells to withdraw but asked him to remain as Jones' standby counsel. In reaching this decision, the district court noted that Jones had been represented by 11 attorneys since the commencement of the criminal case and that he had a propensity to conflict them out of his case. The district court also noted that it had "used up all the lawyers in Leavenworth County that [were] capable of handling" Jones' case. Likewise, the district court noted that Jones had filed ethics complaints against several of his attorneys.

3

The district court advised Jones that his alleged conflict with Wells was "self-created" and that the primary reason he did not like Wells' representation was because Wells had refused to "do things outside the scope of his appointment." In response to Jones' suggestion that he was being forced to proceed pro se, the district court stated:

> "I would disagree with that analysis. I'm finding there is no conflict . . . between you and Mr. Wells except for that which you've created, that you refuse to work with him; therefore, you're choosing not to accept an attorney that the Court has provided for you."

Jones then told the court that he would not permit Wells to serve as his standby counsel. As such, the district court then released Wells and went forward with the hearing. Although Jones requested the appointment of yet another attorney to replace him, the district court denied this request. In doing so, the district court explained:

> "The Court at this time will not appoint any further counsel for you. The Court has appointed a number of attorneys, all of which you have rejected, but one who handled an appeal for you on the—on the record. So, therefore, I have attempted to comply with the Court of Appeals remand, and that has been thwarted by you and your choices; so, therefore, the Court will deny the appointment of any additional counsel."

Dissatisfied with the district court's determination, Jones stated:

> "THE DEFENDANT: I would ask the Court under what case law am I being forced to give up my constitutional right to counsel? Under what law or under—I mean, where am I being forced to—my right to—the appellate court mandates that I have conflict-free counsel.
> "THE COURT: Which you've been supplied, Mr. Jones, and you've rejected them.
> "THE DEFENDANT: I'm not rejecting my right to counsel.
> "THE COURT: You have.
> "THE DEFENDANT: Well, on the record, I am not rejecting my Sixth Amendment right to counsel.

4

"THE COURT: You've rejected your conflict-free counsel.

"THE DEFENDANT: I rejected standby counsel.

"THE COURT: No. You rejected Mr. Wells; you rejected Mr. Kurth.

"THE DEFENDANT: So there is no case law that prohibits me from my right to counsel?

"THE COURT: So I'm going to continue this case till December, allow Mr. Wells to provide you discovery that he has said he would, and then you'll return to see if you wish to pursue your motion to withdraw plea and then proceed on that motion to withdraw plea if you choose to go forward with it."

The district court resumed the hearing on December 8, 2016. At the hearing, Jones reiterated that he believed he had a right to have new counsel appointed to represent him and asserted once again that he had not waived this right. Nevertheless, Jones proceeded pro se and introduced four exhibits into evidence. When asked if he would like to provide any additional evidence or argument in support of his motion to withdraw plea, Jones stated: "No. Just that I invoke my Sixth Amendment right to counsel, that I cannot proceed pro se, Your Honor. I cannot make a knowing and intelligent decision without proper counsel, Your Honor, and I do believe that I'm being prejudiced by this court."

At the conclusion of the hearing, the district court determined that competent trial counsel represented Jones when he entered into the plea agreement and that he had received the benefit of his bargain. The district court noted that the plea hearing was "slow-paced" and that it had reviewed Jones' rights as well as every facet of the case before accepting his plea. The district court concluded that "[t]here was nothing to suggest that that plea was not voluntarily made at the time [Jones] admitted [his] guilt" to the reduced charges at the plea hearing.

The district court indicated that it had looked for "every attorney" available in the area to help Jones and that his dispute with Wells was "not a conflict" but a rejection of appointed counsel. The district court also found Jones' pursuit of discovery to be "only a

5

ploy to delay the[] proceedings and not a genuine interest in pursuing [his] motion to withdraw plea." According to the district court, "buyer's remorse" was the motivating factor in Jones' request to withdraw his plea. Finally, the district court found that Jones had failed to establish good cause to withdraw his plea and denied the motion. Thereafter, Jones filed this appeal.

ANALYSIS

The only issue presented on appeal is whether the district court erred by failing to comply with the mandate issued by a panel of this court in his previous appeal. Whether a district court properly complied with an appellate mandate is a question of law. *State v. Guder*, 293 Kan. 763, 765, 267 P.3d 751 (2012). Our review of questions of law is unlimited. *Manley v. Hallbauer*, 308 Kan. 723, 726, 423 P.3d 480 (2018).

Jones contends that the district court failed to comply with the mandate on remand because of its "frustration" with him. He argues that the district court should have appointed another attorney to represent him at the hearing on remand because he "did nothing to indicate he desired to waive his right to counsel." In response, the State contends that Jones has displayed a "lack of cooperation" with his appointed counsel and that the district court had "no [other] option than apply the doctrine of waiver and have Jones move forward pro se."

As set forth above, a panel of this court remanded this matter to the district court with the following direction:

> "Although going forward with his motion to withdraw plea may or may not be a good decision, an attorney should be appointed to advise Jones of his options. Moreover, if he decides to proceed with his motion to withdraw plea, Jones should be represented by counsel at the motion hearing unless he knowingly and voluntarily waives his right to counsel on the record." *Jones*, 2015 WL 9287034, at *3.

6

On remand, the district court appointed two attorneys to represent Jones. After allowing the first one to withdraw, Jones had difficulty cooperating with the second one. Although the district court found that the second attorney did not have a conflict, it allowed him to withdraw. The district court then asked the second attorney to serve as standby counsel but Jones refused to allow him to serve in this capacity. Considering the number of attorneys who Jones had already went through in his criminal case, we understand the district court's frustration.

Nevertheless, a silent record alone cannot support a waiver of counsel. *State v. Myers*, No. 102,800, 2010 WL 4393944, at *2 (Kan. App. 2010) (unpublished opinion). Instead, the defendant must knowingly and intelligently make a waiver and that waiver must be strictly construed. 2010 WL 4393944, at *2. To be knowing and intelligent, a "waiver requires that the defendant be informed on the record of the dangers and disadvantages of self-representation." *State v. Graham*, 273 Kan. 844, 850, 46 P.3d 1177 (2002). Whether a defendant properly waived his or her right to counsel "depend[s] on the particular facts and circumstances of each case." *State v. Daniels*, 2 Kan. App. 2d 603, 606, 586 P.2d 50 (1978).

In *Neal*, 292 Kan. at 637, the Kansas Supreme Court explained that for a voluntary and knowing waiver, the record must answer two critical questions: (1) Whether the defendant was "'fully advised and properly informed of his or her right to counsel'" and (2) whether the defendant, after "'having been fully advised and properly informed, the defendant made a clear determination not to have counsel represent him or her before the court.'"

However, it is important to recognize that although the Sixth Amendment guarantees a criminal defendant the right to be represented by counsel, a defendant does not have the "right to 'compel the district court to appoint the counsel of [his or her] choice'" *State v. Brown*, 305 Kan. 413, 424, 382 P.3d 852 (2016). What is more, a

7

defendant cannot "demand different appointed counsel except for good cause." *State v. Roberts*, 13 Kan. App. 2d 485, Syl. ¶ 1, 773 P.2d 688 (1989). As such, a criminal defendant can waive his or her right to counsel under certain circumstances. See *Graham*, 273 Kan. at 850-51; *Myers*, 2010 WL 4393944, at *2. Moreover, a defendant's conduct may be sufficient under some circumstances to constitute a knowing and voluntary waiver of the right to be represented by counsel. See *State v. McCormick*, 37 Kan. App. 2d 828, 836-40, 159 P.3d 194 (2007).

In *McCormick*, it was held:

"A criminal defendant represented by counsel is entitled to control over three decisions: (1) whether to accept a plea; (2) whether to demand a jury trial; and (3) whether to testify. All other strategic and tactical decisions, including preparation, scheduling, and *the type of defense*, lie within the province of trial counsel. *State v. Rivera*, 277 Kan. 109, 116-17, 83 P.3d 169 (2004). While a criminal defendant has the right to consult with appointed counsel and to discuss the general direction of his or her defense, the strategic and tactical decisions are matters for the professional judgment of counsel. [Citation omitted.]

"By refusing to follow the advice of his attorneys and by filing motions without their knowledge or consent, the defendant was attempting to control not only the direction of his defense but the strategy and tactical decisions associated with that defense. Consequently, the irreconcilable conflict or breakdown in communication alleged by the defendant was caused by the defendant's conduct. The district court did not abuse its discretion in finding appointment of new counsel would be an exercise in futility under the circumstances." 37 Kan. App. 2d at 838-39.

Similarly, in *Roberts*, 13 Kan. App. 2d at 485, a criminal defendant claimed that the district court was "'forcing'" him to represent himself. The defendant "was dissatisfied with his first counsel" and so he received a second court-appointed attorney. 13 Kan. App. 2d at 485. Later, on the day before the trial, the defendant requested yet another attorney. Because the district court refused to appoint a third attorney, the defendant

decided to proceed pro se. On appeal, he argued that the district court "forced" him to do so.

A panel of this court held that the "appointment of substitute counsel was a matter of trial court discretion which will not be disturbed absent a clear showing of abuse" and that the defendant failed in overcoming this hurdle. 13 Kan. App. 2d at 487. Furthermore, it was held that the defendant made a knowing and voluntary waiver of his right to counsel. In particular, it was noted that the district court had "painstakingly inquired into the matter by clearly advising [the defendant] of his right to counsel, by asking about defendant's educational background, by reviewing the nature of the charge and possible penalties, by explaining to [the defendant] the consequences of proceeding pro se, and by recommending defendant continue with representation." 13 Kan. App. 2d at 487.

In the present case, it appears that the district court was attempting to follow *Neal*, *McCormick*, and *Roberts*. However, the district court did not make a specific finding that Jones had waived his right to counsel by his conduct. Likewise, the district court did not make the type of inquiry on the record as was done in the *Roberts* case nor did it explain the consequences of proceeding pro se to Jones. Instead, the district court simply stated on the record that it would "not appoint any further counsel for" Jones. And while the district court did initially ask Wells to serve as standby counsel, it ultimately permitted Wells to withdraw. Thus, although we are reluctant to do so under the circumstances presented, we find that it is necessary to once again reverse the district court's decision regarding the motion to withdraw plea and to remand this matter for further proceedings.

On remand, the district court should appoint Jones another attorney. If Jones asserts that the new attorney has a conflict, he bears the burden to present an articulated statement of justifiable dissatisfaction in order to trigger the district court's duty to inquire further. *State v. Staten*, 304 Kan. 957, 970, 377 P.3d 427 (2016). Should Jones do so, the district court must make an appropriate inquiry to determine if there is in fact a conflict of

9

interest. This is true "'even when [a] defendant is seemingly engaging in delay tactics, because such a delaying strategy . . . is often employed where [a] defendant does not understand the crucial role of counsel in criminal cases.'" *State v. Glasure*, 132 Ohio App. 3d 227, 235, 724 N.E.2d 1165 (1999).

The district court may deny a request for new counsel if it determines that "there is a reasonable basis for believing the attorney-client relationship has not deteriorated to a point that appointed counsel could not give effective aid in the presentation of the client's defense." *State v. Garza*, 290 Kan. 1021, 1025, 236 P.3d 501 (2010). In this case, if the district court determines that there is "justifiable dissatisfaction with Jones' appointed counsel," it should appoint a competent attorney to represent him. On the other hand, if the district court concludes that Jones lacks justifiable dissatisfaction with his appointed counsel, it should make the appropriate findings and explain its decision on the record.

If Jones continues to object to appointed counsel after a determination has been made that there is no justifiable dissatisfaction, the district court should clearly advise him on the record of his right to counsel, explain to him the potential consequences of proceeding pro se, and recommend to him that he continue with representation by appointed counsel. In addition, the district court should also explain that although the Sixth Amendment guarantees a defendant the right to counsel, it does not guarantee the right to a particular counsel. See *State v. Vann*, 280 Kan. 782, Syl. ¶ 3, 127 P.3d 307 (2006) ("A knowing and intelligent waiver requires that the defendant be informed on the record of the dangers and disadvantages of self-representation.").

If Jones still continues to object to representation by appointed counsel after being fully informed of his rights and the potential dangers of self-representation, the district court should make a determination on the record whether he has waived his right to counsel by his conduct and, if so, whether appointment of new counsel would be an exercise in futility under the circumstances presented. After doing so, the district court

may order Jones to proceed pro se. If it does so, the district court should appoint competent standby counsel for the defendant. *Vann*, 280 Kan. at 793 (The district court should "appoint 'standby counsel' even over the defendant's objection, to assist the pro se defendant in his or her defense.") (citing *Faretta v. California*, 422 U.S. 806, 834 n.46, 95 S. Ct. 2525, 45 L. Ed. 2d 562 [1975]).

Reversed and remanded with directions.