NOT DESIGNATED FOR PUBLICATION

No. 121,266

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL RAY WATT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Riley District Court; MERYL D. WILSON, judge. Opinion filed December 18, 2020. Conviction reversed and sentence vacated.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*David Lowden*, deputy county attorney, *Barry R. Wilkerson*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., ATCHESON and GARDNER, JJ.

PER CURIAM: This case is a real-world illustration of the admonition about being careful what you wish for because you might get it. The State charged Defendant Michael Ray Watt with arson in violation of K.S.A. 2018 Supp. 21-5812(a)(1)(A) for burning down the family home without the permission of another person who had an interest in the property. Going into and during the trial, the State's factual narrative rested on Watt's wife Elena being the other person who didn't give permission. But at the close of the evidence, the State asked the Riley County District Court to instruct the jury that Planet Home Lending, the mortgage holder on the property, was that person—substantially

1

changing the factual theory of the prosecution. Over Watt's objection, the district court obliged and so instructed the jury. The jury convicted Watt.

But, as we explain, nobody apparently recognized that the Kansas Supreme Court has held that a lender holding a mortgage on property does not have an interest covered under that part of the statute criminalizing arson. See *State v. Houck*, 240 Kan. 130, Syl. ¶ 1, 727 P.2d 460 (1986). The State did not offer any evidence that Planet Home had some other interest in the Watts' property. So the State presented insufficient evidence— really no evidence—on an essential element of the crime. We, therefore, reverse Watt's conviction, vacate his sentence, and enter a judgment of acquittal.

## FACTUAL AND PROCEDURAL HISTORY

Given the basis for reversal, we condense the background facts and look more at the procedural development of the case against Watt. Watt and Elena owned a house in Manhattan that required a significant financial investment for repair and renovation. The property was heavily mortgaged; at the relevant time, Planet Home held the mortgage. The house and the financial burden it created became a point of friction between Watt and Elena. They apparently argued frequently about it and other things straining their relationship.

The house burned down on November 2, 2018, under suspicious circumstances. Elena was then living primarily in Topeka because of her job there. Law enforcement officers and arson investigators quickly developed evidence that Watt purchased almost 12 gallons of gasoline in three containers at a gas station the evening of the fire. Watt stood outside the house as it burned. A neighbor approached and asked if he had called the fire department. He replied that he had not. The neighbor then called 911. The firefighters thought the fire seemed to have spread quite rapidly. After the fire was extinguished, arson investigators inspected the premises and found evidence of gasoline,

2

leading them to conclude the fire had been intentionally set. Riley County police officers took Watt into custody. During an interrogation, Watt admitted setting the fire and explained that the continuing costs of fixing up the house had caused a great deal of stress in his marriage.

Six days after the fire, the State charged Watt with one count of arson, a severity level 6 person felony violation of K.S.A. 2018 Supp. 21-5812(a)(1)(A), criminalizing knowingly burning a dwelling "in which another person has any interest without the consent of [that] person." The complaint charged the crime in the words of the statute by stating the address of the property and alleging "another [person] has an interest and who did not consent" to the fire damage. Although the complaint did not identify the person, it was legally sufficient. See K.S.A. 22-3201(b) (complaint "deemed sufficient" if "drawn in the language of the statute"); *State v. Dunn*, 304 Kan. 773, 811, 375 P.3d 332 (2016).[1]

[1]If Watt had believed the State's failure to identify a specific person in the factual allegations of the complaint compromised his ability to marshal a defense, he had the right to request a bill of particulars. When a district court orders a bill of particulars, the State is then bound to those representations at trial. K.S.A. 22-3201(f). Watt did not pursue that option.

About a week before trial in March 2019, the State submitted its proposed jury instructions. In the proposed elements instruction modeled on PIK Crim. 4th 58.170 (2019 Supp.), the State identified Elena Watt as a person having an interest in the property and outlined that Watt damaged the property without her consent. The instruction did not mention Planet Home. We infer everyone had proceeded on a belief or assumption that the case was being prosecuted on that factual theory notwithstanding the generic language in the complaint.[2]

[2]The State's proposed elements instruction read in full:

"The defendant is charged in [*sic*] with Arson. The defendant pleads not guilty.

3

To establish this charge, each of the following claims must be proved:

"1. The defendant, knowingly, by means of fire, damaged property in which Elena Watt had an interest, without the consent of Elena Watt[.]

"2. The property was a dwelling.

"3. This act occurred on or about the 2nd day of November, 2018, in Riley County, Kansas.

"A defendant acts knowingly when the defendant is aware of the circumstances in which he was acting or the nature of his conduct that the State complains about."

In his opening statement to the jurors, the prosecutor outlined the State's anticipated evidence and explained Elena had an interest in the house and would testify she did not consent to Watt burning it. Elena indeed testified as a State's witness and denied ever giving Watt permission to burn the house. But she agreed that during at least one argument with Watt she might have said something about wishing she had let him "take a match" to the place. Elena suggested she would have uttered any such statement in anger and Watt should not have taken it literally. Elena also testified that Planet Home held a mortgage on the property and that she knew of no one with the company having given Watt permission to burn the house. Elena told the jurors that the State of Montana had a lien against the property for income taxes Watt still owed for a time he worked there.

Watt testified in his own defense and admitted he had set fire to the house, confirming his earlier confession to law enforcement officers and their trial testimony to that effect. Watt told the jurors Elena had suggested at least half a dozen times that he burn the house down and he took that to be permission from her to do so. He acknowledged Planet Home had a mortgage on the property, Montana had a tax lien, and neither had given him permission to burn the house. No one from Planet Home testified during the trial.

4

After both sides presented their evidence, the district court met with the lawyers and Watt to finalize the jury instructions. The State then asked that the district court substitute Planet Home for Elena as the person having an interest in the house and not consenting to the arson. Watt, through his lawyer, objected on the grounds the request changed the factual theory of the prosecution. The district court overruled the objection and instructed the jurors that they should decide the case based on Planet Home's interest in the property. In relevant part, the instruction the district court used simply replaced Elena Watt with Planet Home.[3]

[3]In full, the district court's elements instruction read:

"The defendant is charged with Arson. The defendant pleads not guilty. To establish this charge, each of the following claims must be proved:

"1. The defendant, knowingly, by means of fire, damaged property in which Planet Home Lending had an interest, without the consent of Planet Home Lending.

"2. The property was a dwelling.

"3. This act occurred on or about the 2nd day of November, 2018, in Riley County, Kansas.

"As used in this instruction, the term 'dwelling' means a building which is used or intended for use as a human habitation.

"The State must prove that the defendant committed the crime knowingly.

"A defendant acts knowingly when the defendant is aware of the circumstances in which he was acting or the nature of his conduct that the State complains about."

The jury convicted Watt. The district court later sentenced Watt to a 39-month prison term, reflecting a standard guidelines sentence based on his criminal history. Watt duly appealed.

In his opening brief on appeal, Watt argues that the district court's ruling allowing the State to substitute Planet Home for Elena after the close of evidence deprived him of fair notice of the charges against him and, thus, deprived him of due process. Integral to

5

the argument, Watt contends the State should be legally bound by the proposed jury instructions it submitted before trial. In its brief, the State disputes the legal effect of proposed jury instructions.

After the appeal had been submitted to this panel for decision, we issued an order for additional briefing addressing the effect of *Houck* and, in particular, whether the State had presented sufficient evidence to prove the arson charge. The State and Watt have now submitted their supplemental briefs.

LEGAL ANALYSIS

As we have indicated, the court in *Houck* held that a lender and mortgage holder does not have an "interest" in property of the type covered in the subsection of the arson statute under which Watt was charged. See 240 Kan. at 135. The holding in *Houck* is clear and unequivocal. Although the court construed K.S.A. 21-3718, the predecessor to the current arson statute, the relevant statutory language has not changed. And the court acknowledged the continuing viability of *Houck* on this point under K.S.A. 21-5812 in an opinion focusing on another aspect of the arson statute. See *State v. Bollinger*, 302 Kan. 309, 314-15, 352 P.3d 1003 (2015). In its supplemental brief, the State agrees that *Houck* remains good law.

In reviewing the sufficiency of the evidence, we look at the trial record in the best light for the prevailing party, here the State, to determine if that evidence and all reasonably drawn inferences support the jury's verdict. See *State v. Jenkins*, 308 Kan. 545, Syl. ¶ 1, 422 P.3d 72 (2018); *State v. Darrow*, 304 Kan. 710, 720, 374 P.3d 673 (2016) ("[O]ur function is to determine if . . . the evidence was legally sufficient to support the verdict."). The shorthand question is whether a rational jury could have found the defendant guilty beyond a reasonable doubt. *State v. Robinson*, 306 Kan. 431, 442, 394 P.3d 868 (2017).

6

The application of the standard here seems slightly peculiar. The peculiarity likely arises because the lawyers and the district court all apparently labored under the mistaken legal conclusion that Planet Home, as a mortgage holder, held an interest sufficient to support a conviction of Watt for arson under K.S.A. 2018 Supp. 21-5812(a)(1)(A). So at the end of the trial, the prosecutor lobbied for an elements instruction that wasn't supported in the evidence, and Watt's lawyer objected to it. But their confusion doesn't alter our standard of review.

Based on the trial evidence taken in the best light for the State, the only interest Planet Home had in the Watts' residence was that of a mortgage holder. What the State proved was insufficient to support the jury verdict premised on criminal conduct violating K.S.A. 2018 Supp. 21-5812(a)(1)(A). When the State has presented legally insufficient evidence for a conviction, the appropriate remedy requires the defendant's conviction be reversed, the sentence be vacated, and a judgment of acquittal entered. See *Tibbs v. Florida*, 457 U.S. 31, 40-41, 102 S. Ct. 2211, 72 L. Ed. 2d 652 (1982); *State v. Hollins*, 9 Kan. App. 2d 487, 489-90, 681 P.2d 687 (1984). We are obligated to follow that course here.

As a matter of completeness, we mention that a defendant can be convicted of arson under K.S.A. 2018 Supp. 21-5812(a)(1)(B) for burning a dwelling in which an insurer or a lienholder has an interest. But Watt was never charged with that manner of committing the crime. We, likewise, do not take up the argument Watt presented in his opening brief and express no opinion on whether the late change in the State's factual theory of the case, deviating from its proposed jury instruction, deprived him of a fair trial.

In its supplemental brief, the State advances two arguments to head off the result we reach. We find neither to be persuasive.

7

First, the State argues the jury heard sufficient evidence that Elena had an interest in the property and didn't consent to the fire and, therefore, the verdict should be affirmed. But the premise of the challenge is faulty. Sufficiency review and the favorable assessment of the evidence applies only to the factual theory of the case the jurors have actually considered and upon which they have based a guilty verdict. Although the State offered evidence that Elena had an interest in the property and didn't consent to the arson, that evidence was disputed, especially through Watt's testimony.

We surmise that after both sides presented their evidence, the prosecutor was concerned the jurors might have a reasonable doubt about the factual theory resting on Elena. They merely had to entertain a reasoned possibility Watt understood Elena's bickering to entail consent to burn down the house to return a not guilty verdict. That would be sufficient to create a reasonable doubt. Hence, the State's tactical maneuver to substitute Planet Home and to move to a factual theory essentially undisputed in the evidence.

But having shifted factual theories during the trial, the State cannot reclaim its abandoned factual theory on appeal and ask us to apply the deferential standard of review reserved for a factual theory actually submitted to the jury. To uphold the conviction based on the State's argument, we first must assume the jurors would have convicted Watt on a disputed factual theory never submitted to them. And only then could we apply the sufficiency of the evidence standard. The initial assumption, however, amounts to our imputing to the jurors a verdict they didn't reach and might never have reached. We cannot do that, since the method of analysis depends upon something akin to a hypothesized directed verdict or, here, the consideration of an omitted element never submitted to the jury. See *State v. Perales*, No. 119,815, 2019 WL 5089857, at *10 (Kan. App. 2019) (unpublished opinion), *rev. denied* 311 Kan. ___ (August 31, 2020); cf. *State v. Hargrove*, 48 Kan. App. 2d 522, 529-30, 293 P.3d 787 (2013) (An appellate court may

8

treat the omission of an element of the crime from jury instruction as harmless error only if the defendant did not contest the element at trial and the evidence on it was overwhelming.). We, therefore, decline the State's invitation to affirm the verdict on that basis.

The State's second argument relies on a characterization of the change in factual theory as an instructional error rather than as a sufficiency of the evidence problem. If there were an instructional error, the State submits Watt would be entitled to a new trial with an appropriate jury instruction and not a judgment of acquittal. The State's position fails on two fronts: (1) There probably is an instructional error but it does not supplant or negate the lack of evidence to support the factual theory the jury considered; and (2) the State requested the instruction, so it invited the instructional error.

To state the obvious, a district court should use only jury instructions that are both legally and factually appropriate for a given case. *State v. Louis*, 305 Kan. 453, 457-58, 384 P.3d 1 (2016) (appellate court reviews jury instructions to determine whether they are legally and factually appropriate). Here, the elements instruction was not factually appropriate, since the evidence showed only that Planet Home held a mortgage on the Watts' home, and that was factually insufficient to support the arson charge. The instruction, however, was legally appropriate in the sense that an element of the crime requires proof some person who did not consent to the fire had an interest in the house. And Planet Home could have been such a person if it actually had a covered interest. See K.S.A. 2018 Supp. 21-5111(t) (for purposes of criminal code, "person" includes corporations, unincorporated associations, and government entities). So the instruction neither misstated a governing legal principle nor was it legally irrelevant to the arson charge. It was, as we have said, factually deficient.

But the State asked for the instruction, and a party cannot complain on appeal because the district court has given an instruction that party has requested. That is a

9

classic form of invited error. See *Hargrove*, 48 Kan. App. 2d at 531 (A defendant cannot complain on appeal about a jury instruction the district court gave at his or her request, since the error was invited.); *State v. Bradford*, No. 115,008, 2016 WL 7429318, at *2 (Kan. App. 2016) (unpublished opinion). The State, therefore, gets no traction now based on the factual inappropriateness of the elements instruction because it identified Planet Home rather than Elena.

Moreover, the factual inappropriateness of the instruction cannot negate the insufficiency of the evidence to convict. That's because the lack of evidence demonstrating that Planet Home had interest in the home covered under K.S.A. 2018 Supp. 21-5812(a)(1)(A) is precisely why the instruction was not factually appropriate. The same deficiency, therefore, caused two distinct defects—one was an instructional error, and the other was a lack of evidence of an element of the crime submitted for the jurors' consideration. On appeal, the State does not have the option to elect for which of those defects it should be held to account. The State bears responsibility for both of them, and Watt gets the benefit of the more favorable remedy.

We, therefore, reverse Watt's conviction and vacate his sentence because the State produced insufficient evidence at trial. In turn, we enter a judgment of acquittal on the arson charge.